## STATE *v.* SIMEON COX.

(Filed 14 April, 1909.)

**Husband and Wife—Indictment—Witness—Tender by State—Refusal—Evidence Against Each Other—Improper Comments of Counsel—Appeal and Error.**

The State having the wife of the accused under subpœna, tendered her, and the solicitor commented on the refusal of the defendant to use her in corroboration of his own evidence. Upon objection by the defendant, it became the duty of the trial judge to caution the jury that this refusal of the accused should not be considered by them, and the judge's failure to so caution the jury was reversible error; and his telling them that the State could not use the wife as a witness, but the accused could, was an unintentional accentuation of the error.

INDICTMENT for incest, tried before *Long, J.,* and a jury, at December Term, 1908, of RANDOLPH.

Defendant appealed.

*Attorney-General* for the State.
*Morehead & Sapp* for defendant.

CLARK, C. J. The State called the wife of the defendant, who was present under subpœna, and tendered her to the defendant. The court ruled that the State could not examine her as a witness—that she was a competent witness only for the defendant. The solicitor, in his argument to the jury, commented on the failure of the defendant to corroborate his own testimony by his wife. On objection made, his Honor stated that "the wife was not competent and would not be allowed to bear witness against the husband; that her testimony would be competent only in behalf of her husband, and that as the wife was not permitted to testify against her husband, and had not done so, the jury could not consider what she knew or did not know." And in his charge the court told the jury "it was not for the State to examine the wife of the defendant as a witness against her husband, but it was competent for the defendant to use her as a witness."

The Revisal, sec. 1634, provides: "The husband or wife of the defendant, in all criminal actions or proceedings, shall be a competent witness for the defendant, but the failure of such witness to be examined shall not be used to the prejudice of the defense." The tender of the wife by the State and the remarks of the solicitor sharply called attention to the failure of the defense to examine the defendant's wife. Objection was made, but the court, instead of telling the jury that they should not let that fact prejudice the defendant, on both occasions rather accentuated the matter by telling the jury that the State could not use the wife of the defendant as a witness, but that he could. The effect, though unintentional on the part of his Honor, was to throw the fault of the wife not being a witness upon the defendant, since he could have put her on and the State could not. There was no caution that such failure to use the wife as a witness should not be considered by the jury. Yet the tender, and the remarks of counsel being called to the judge's attention, called for such caution, and his failing to give it was prejudicial.

Error.