STATE v. J. W. WATSON, SR.

(Filed 29 March, 1939.)

**1. Criminal Law §§ 41h, 51—Solicitor may not comment upon the failure of defendant's wife to testify in his behalf.**

The solicitor in his argument to the jury commented on the failure of the defendant to call his wife as a witness in his behalf. The defendant objected, and the court overruled the objection. *Held:* The comment of the solicitor violates C. S., 1802, and the failure of the court to correct the error renders it prejudicial.

**2. Criminal Law § 81d—**

Where a new trial is awarded on one assignment of error, other assignments relating to matters which may not recur on the subsequent hearing need not be considered.

APPEAL by defendant from *Frizzelle, J.,* at October Term, 1938, of CARTERET.

Criminal action tried upon indictment charging the defendant with the murder in the first degree of one J. W. Watson, Jr.

Upon the call of the case for trial, the solicitor announced that he would not ask for a verdict of murder in the first degree, but for a verdict of murder in the second degree or manslaughter, as the evidence might justify. The defendant pleaded not guilty and relied upon plea of self-defense.

Verdict: Guilty of manslaughter with prayer for the mercy of the court.

Judgment: Confinement in State's Prison not less than 18 months and not more than 2 years.

Defendant appealed to the Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Ward & Ward for defendant, appellant.*

WINBORNE, J. The record on this appeal shows that in the course of his argument to the jury the solicitor commented upon the failure of the defendant to call his wife as a witness in his behalf, to which the defendant objected. The court overruled the objection, and the defendant excepted. We are of opinion that this exception is well taken.

C. S., sec. 1802, provides that "The husband or wife of the defendant, in all criminal actions or proceedings, shall be a competent witness for the defendant, but the failure of such witness to be examined shall not be used to the prejudice of the defense . . ." The latter portion of the statute has been the subject of discussion by this Court in the cases of *S. v. Cox,* 150 N. C., 846, 64 S. E., 199; *S. v. Spivey,* 151 N. C., 676, 65 S. E., 995; and *S. v. Harris,* 181 N. C., 600, 107 S. E., 466.

In *S. v. Cox, supra,* the State called the wife of defendant, who was under subpœna, and tendered her to defendant for examination. The court ruled that she could only testify for defendant. Then the solicitor, in his argument to the jury, commented on the failure of the defendant to corroborate his own testimony by his wife. Defendant objected. Speaking to the question, the Court said: "The tender of the wife by the State and the remarks of the solicitor sharply called attention to the failure of the defense to examine the defendant's wife. Objection was made, but the court, instead of telling the jury that they should not let that fact prejudice the defendant, on both occasions rather accentuated the matter by telling the jury that the State could not use the wife of

the defendant as a witness, but that he could. The effect, though unintentional on the part of his Honor, was to throw the fault of the wife not being a witness upon the defendant, since he could have put her on and the State could not. There was no caution that such failure to use the wife as a witness should not be considered by the jury. Yet the tender, and the remarks of counsel being called to the judge's attention, called for such caution, and his failing to give it was prejudicial."

In *S. v. Spivey, supra,* the Court, after setting out in full the matters pertaining to the incident to which the exception related, said: "There was a similar incident in *S. v. Cox,* 150 N. C., 846, but his Honor, in the present case, observed the caution pointed out in that case, which the learned judge who tried Cox' case had unintentionally failed to observe. While it was improper for the solicitor to tender the prisoner's wife, with the remark made by him, yet his Honor corrected the error fully." The assignment of error was overruled.

In *S. v. Harris, supra,* upon objection to questions tending to show that the wife of defendant had been subpœnaed by defendant and discharged as his witness, the court below ruled out the question and read the statute to the jury. (C. S., sec. 1802, quoted above). On appeal, this Court held that the caution was sufficient to cure any prejudicial effect.

The argument of the solicitor in the present case runs counter to the prohibitory provisions of the statute, C. S., sec. 1802, as applied in *S. v. Cox, supra,* and is prejudicial error.

As other matters to which assignments relate may not recur on another trial, they are not here considered.

New trial.