STATE v. HARRISON HELMS.

(Filed 11 December, 1940.)

**1. Criminal Law § 31c—**

Testimony of a fingerprint expert as to the identity of the fingerprints of defendant with those found at the scene of the crime, which could have been impressed only at the time the crime was committed, is competent as substantive evidence tending to show that defendant was present when the crime was committed and that he at least participated in its commission.

**2. Criminal Law § 52b—Whether fingerprints identified as those of defendant could have been impressed only at time crime was committed held for jury.**

The evidence tended to show the breaking and entering of a dwelling and the taking of property therefrom of a value in excess of $20.00, and that entry was effected through a porch window. Fingerprints identified as those of defendant were taken from the window. The evidence also disclosed that defendant was a painter, and prior to the night of the crime had been employed in painting in the house. There was also evidence that after all the painting was finished the windows had been washed on both the inside and outside. *Held:* Whether the evidence establishes beyond a reasonable doubt that the fingerprints could have been impressed on the window only at the time the crime was committed is a question for the jury, and defendant's motions for nonsuit were correctly denied.

**3. Criminal Law § 51—Solicitor's reference to failure of defendant's wife to testify held prejudicial and not properly corrected by court.**

During the absence of the judge, the solicitor in his argument to the jury called the jury's attention to the fact that defendant's wife had not testified in his behalf, and persisted in the argument after objection by defendant's counsel. Upon its return, the court sustained the objection, and near the conclusion of its charge to the jury stated that the law did not permit such comment and that the jury should not let the argument influence it. *Held:* The solicitor's comment violates C. S., 1802, and was prejudicial, and called for prompt, peremptory and certain caution by the court not only that the argument should be disregarded but that the failure of defendant's wife to testify should not be considered to his prejudice, and the action of the court in merely sustaining the objection and the caution later given by the court near the conclusion of the charge is insufficient to free the case of prejudice.

APPEAL by defendant from *Alley, J.,* at July Criminal Term, 1940, of UNION.

Criminal action tried upon an indictment charging the defendant with feloniously breaking and entering a dwelling house with intent to commit a felony therein, and with larceny of a metal lock box and contents of the value of more than $20.00, the property of D. L. Middleton.

Upon the trial below the State offered evidence tending to show facts pertinent to this appeal substantially these: At intervals between 27 April and 31 May, 1940, defendant had done some painting on the inside of the dwelling house of D. L. Middleton in Monroe, North Carolina. Later, at some time between 4 June and 7 June, 1940, while D. L. Middleton and his wife were away, the dwelling house was broken into—entry being effected through a window on the back porch, and the metal lock box of D. L. Middleton, in which there were $200 in money and valuable papers, was stolen. When Mrs. Middleton, on returning in the late afternoon of 7 June, discovered that the house had been entered in her absence, she called the police and then a finger print expert was summoned. From the window on the back porch where the entry had been effected the expert lifted and developed a negative and made prints therefrom of the little finger of a right hand. Later he took fingerprints of defendant, and developed a negative and made prints therefrom of the little finger of defendant's right hand. On the trial the witness identified these prints and same were introduced in evidence by the State without objection. The witness was then asked this question: "Q. I wish you would take these prints and point out one by one, beginning with No. 1, which is the top of the print, the whorl, begin there and point out to the jury the peculiar characteristics and the comparison between the two points?" Objection by defendant overruled; the court holding that fingerprint evidence is substantive evidence, permitted it to be introduced as such, to which defendant excepted. Then after pointing out characteristic marks of similarity, the witness testified that in his opinion the two prints are identical.

The State introduced other evidence of circumstances which it contends tend to show the guilt of defendant.

On the other hand the defendant offered evidence of his good character, and testified that he did not break into the dwelling nor steal the metal lock box, and that while painting in the house he had occasion to open the window from which the expert took the fingerprints, and contends that if the fingerprint taken were his, the same must have been made when he opened the window while painting.

In answer thereto, the State offered evidence tending to show that after the painting was done the windows were washed on both the inside and the outside.

The record shows that, "Counsel for defendant objects to the argument of the solicitor to the jury to the effect that the wife of the defendant did not go upon the stand as a witness for defendant. The court is not present at the time and the solicitor says that he will argue the point in spite of the objection of the defendant. At the close of all the arguments and after the court had returned to his seat the objection was brought to the attention of the court, at which time the court sustained the objection." Exception. The record further shows that the court then proceeded to give his charge to the jury, and, just before concluding, stated: "Now, gentlemen, the court was sitting out in the room there while the arguments were going on where I could get a breath of fresh air, and I understood that during the argument the counsel for the defendant objected to an argument made by one or both of the counsel for the State that the defendant had failed to put his wife on the witness stand as a witness in his behalf to prove some fact, whatever it may have been, if material to his case. This, gentlemen, was an inadvertence on the part of counsel for the State. It has always been the law in this State that counsel cannot comment upon the failure of the defendant to go on the stand and testify in his own behalf and in recent months the Supreme Court has held that the same rule applies to a defendant's wife because a man and his wife at common law are considered one and the same person and their relationship is such that the law doesn't permit any comment to be made. That was an inadvertence on the part of counsel for the State and you will not let that argument influence you one way or the other."

Motions of defendant for judgment as in case of nonsuit at the close of the State's evidence, and again at the close of all the evidence, were overruled. Defendant excepted in each instance.

Verdict: Guilty as charged in the bill of indictment.

Judgment: On the count charging breaking and entering, imprisonment and to be worked on public highways. On the count charging larceny, prayer for judgment continued during good behavior—the court reserving the right to pronounce judgment at any subsequent term.

Defendant appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Coble Funderburk for defendant, appellant.*

WINBORNE, J. The defendant presses for error in the main these three assignments: (1) The admission of expert testimony as to fingerprints as substantive evidence; (2) the refusal of the court to grant the motions for judgment as in case of nonsuit; and (3) "the argument of

the solicitor to the jury to the effect that the wife of this defendant did not go upon the stand as a witness for defendant." We are of opinion that the first two assignments are not tenable, but that on the facts of this record the third is well taken.

1. Regarding the first and second assignments. It is well established that evidence of the correspondence of fingerprints, when given by a fingerprint expert, is admissible to prove identity. 20 Am. Jur., 329, Evidence, sec. 357; 23 C. J. S., 755, Criminal Law, secs. 876, 877, 887; S. v. Combs, 200 N. C., 671, 158 S. E., 252; S. v. Huffman, 209 N. C., 10, 182 S. E., 705. See, also, Annotations 16 A. L. R., 370; 63 A. L. R., 1324.

In S. v. Huffman, supra, this Court said: "The testimony of the fingerprint expert was competent as evidence tending to show that defendant was present when the crime was committed and that he at least participated in its commission," citing S. v. Combs, supra.

Evidence of fingerprint identification, that is, proof of fingerprints corresponding to those of the accused, found in a place where the crime was committed under such circumstances that they could only have been impressed at the time when the crime was committed, may be sufficient to support a conviction in a criminal prosecution. 20 Am. Jur., pp. 329 and 1076, Evidence, secs. 357 and 1223.

Applying these principles to the evidence shown on the record on this appeal, we are of opinion that the evidence of fingerprint identification was properly admitted, and is sufficient to take the case to the jury. Whether or not all the evidence is sufficient to establish beyond a reasonable doubt that the fingerprints found on the window at the place of the crime correspond with those of the defendant, and, if so, that under the circumstances of the case, as the jury find them to be, the fingerprints so found could only have been impressed on the window at the time when the crime was committed, is a matter for the jury.

2. As to the third assignment: The Legislature has provided by statute, C. S., 1802, that: "The husband or wife of the defendant, in all criminal actions or proceedings, shall be a competent witness for the defendant, but the failure of such witness to be examined shall not be used to the prejudice of the defense. . . .

The latter part of the quoted portion of the statute has been the subject of discussion by this Court in the case of S. v. Cox, 150 N. C., 846, 64 S. E., 199; S. v. Spivey, 151 N. C., 676, 65 S. E., 995; S. v. Harris, 181 N. C., 600, 107 S. E., 466; S. v. Watson, 215 N. C., 387, 1 S. E. (2d), 886.

In S. v. Cox, supra, the State called the wife of defendant, who was under subpœna, and tendered her to defendant for examination. The court ruled that she could only testify for defendant. Then the solicitor,

in his argument to the jury, commented on the failure of the defendant to corroborate his testimony by his wife. Defendant objected. Speaking to the question, the Court said: "The tender of the wife by the State and the remarks of the solicitor sharply called attention to the failure of the defense to examine the defendant's wife. Objection was made, but the court, instead of telling the jury that they should not let that fact prejudice the defendant, on both occasions rather accentuated the matter by telling the jury that the State could not use the wife of the defendant as a witness, but that he could. The effect, though unintentional on the part of his Honor, was to throw the fault of the wife not being a witness upon the defendant, since he could have put her on and the State could not. There was no caution that such failure to use the wife as a witness should not be considered by the jury. Yet the tender, and the remarks of counsel being called to the judge's attention, called for such caution, and his failing to give it was prejudicial."

In *S. v. Spivey, supra,* the Court, after setting out in full the matters pertaining to the incident to which the exception related, said: "There was a similar incident in *S. v. Cox,* 150 N. C., 846, but his Honor, in the present case, observed the caution pointed out in that case, which the learned judge who tried Cox' case had unintentionally failed to observe. While it was improper for the solicitor to tender the prisoner's wife, with the remark made by him, yet his Honor corrected the error fully." The assignment of error was overruled.

In *S. v. Harris, supra,* upon objection to question tending to show that the wife of defendant had been subpœnaed by defendant and discharged as his witness, the court below ruled out the question and read the statute to the jury. (C. S., sec. 1802, quoted above.) On appeal, this Court held that the caution was sufficient to cure any prejudicial effect.

In *S. v. Watson, supra,* the solicitor having commented upon the failure of the defendant to call his wife as a witness in his behalf, objection to which was overruled by the court, it is held that the argument of the solicitor runs counter to the prohibitory provisions of the statute, C. S., 1802, as applied in *S. v. Cox, supra,* and is prejudicial error.

In the present case, though unintentional no doubt, and in the heat of debate, the argument of the solicitor, as the record shows, was made and persisted in after objection by counsel for defendant. It runs counter to the prohibitory provisions of the statute, C. S., 1802, and is prejudicial to defendant. When brought to the attention of the court, it called for prompt, peremptory and certain caution to the jury, not only that the jury should disregard the argument but that the failure of the wife of defendant to be examined as a witness in his behalf should not be used to the prejudice of defendant. Even then, it may be fairly

doubted that the harmful effects of such argument could have been dispelled from the minds of the jury.

We are of opinion, and hold, that merely sustaining the objection is not sufficient caution. Nor does the caution later given by the court free the case of the prejudice already done to the rights of defendant. See *Jenkins v. Ore Co.,* 65 N. C., 563; also *S. v. Tucker,* 190 N. C., 708, 130 S. E., 720; and *Conn v. R. R.,* 201 N. C., 157, 159 S. E., 331, where authorities are reviewed.

For the error pointed out, there must be a

New trial.