200 So.2d 594 (1967)
William SUMMERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-834.
District Court of Appeal of Florida. Third District.
June 27, 1967.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
Following a non-jury trial, William Summerson was adjudged guilty of breaking and entering with the intent to commit a misdemeanor. He now appeals.
A dentist's office was broken into and certain items were stolen from a file cabinet. Summerson's fingerprint was found on a lower drawer of the file cabinet located in a part of the office not ordinarily used by patients.
Summerson testified that he had gone to the dentist to have a tooth extracted four months prior to the crime alleged, and had been allowed to rest on a couch close to the file cabinet when he incurred heavy bleeding. Although he indicated that his position on the couch was such as to bring his hands in possible proximity to the cabinet, he never testified that he actually touched the cabinet.
On appeal Summerson contends that the State did not present sufficient evidence to prove a prima facie case against him. He relies on Ivey v. State, Fla.App. 1965, 176 So.2d 611, and Tirko v. State, Fla.App. 1962, 138 So.2d 388. Ivey v. State, supra, concerns prints found in a public place and therefore is inapplicable to the instant case.
The dentist testified that he could not remember ever having seen Summerson or having treated him and that he had no record on Summerson as a patient.
*595 Summerson's fingerprint was found in an obscure, private part of the office to which the public was generally denied access. Under the circumstances of this case, the evidence was sufficient to warrant a finding by the trier of facts that the print could have been made only at the time the crime was committed. See Tirko v. State, supra.
Affirmed.