PER CURIAM.
The appellant was found guilty after a non-jury trial on two separate informations. The first charged larceny of a truck and the second charged robbery. He was sentenced to ten years imprisonment on the robbery count and three years on the count for larceny of the truck. The trial judge ordered that the three year sentence run concurrently with the ten year term.
On this appeal the appellant raises four points. The first urges the insufficiency of the evidence as to larceny. The second urges prejudice because the court failed to tender the attorney for appellant the opportunity for closing argument. The third point urges an error upon the court’s denial of appellant’s motion for a mistrial. The fourth point argues the sufficiency of the evidence in its entirety.
The main thrust of appellant’s first point is that the evidence is insufficient as to the identity of the defendant. A review of the record establishes that the defendant was positively identified by an eyewitness who had an adequate opportunity to observe the appellant. No error is shown. See State v. Sebastian, Fla.1965, 171 So.2d 893.
Appellant’s second point does not present reversible error because there was no request for closing argument at the time of the trial. Willoughby v. State, Fla.App. 1967, 203 So.2d 10. Cf. State v. Jones, Fla. 1967, 204 So.2d 515.
The basis of appellant’s third point is that a fingerprint card, admitted into evidence in this non-jury trial, showed a prior criminal record of the appellant. A police technician testified he had taken the prints prior to the commission of the offense for which the appellant was being tried. There is no question but that the evidence was relevant and was admissible under the rule laid down in Williams v. State, Fla.1959, 110 So.2d 654. The only question is whether or not the showing in this non-jury trial that the appellant had a previous criminal record was a basis for a mistrial. It is clear that the admission of the card as a standard for comparison of other fingerprint evidence was not such as to render the trial basically unfair. See also Kelly v. State, 145 Fla. 491, 199 So. 764 (1941); Talley v. State, 160 Fla. 593, 36 So.2d 201 (1948); Urga v. State, Fla.App.1963, 155 So.2d 719.
Appellant’s fourth point is likewise without merit.
Affirmed.