304 So.2d 537 (1974)
Lincoln R. HENDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-755.
District Court of Appeal of Florida, Third District.
December 10, 1974.
Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and Margarita Esquiroz, Legal Intern, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant was informed against for breaking and entering with intent to commit a misdemeanor (petit larceny), tried by jury, found guilty and sentenced to serve five years in the state penitentiary.
Appellant first urges as error the trial court's denial of defense counsel's motion for mistrial based on the prosecution eliciting testimony of a prior arrest of the defendant, which served to infer a propensity on the defendant's part to engage in criminal conduct.
This point on appeal arises out of the testimony of a prosecution witness that he was a corrections officer working in the jail at booking and fingerprinting and five months prior to the commission of the instant crime, he took the defendant's "standard" fingerprints.
Evidence of other criminal acts is admissible, if it is relevant to a factual issue in the case unless its sole relevance is to prove the propensity to commit a crime. See Ashley v. State, Fla. 1972, 265 So.2d 685. An examination of the record clearly illustrates that identity was one of the major issues in the case sub judice and thus we find the testimony hereinabove to be relevant and therefore admissible. See Jenkins v. State, Fla.App. 1968, 208 So.2d 276.
*538 Defendant secondly contends that the evidence was insufficient to support a finding of guilt in that the only evidence presented which tended to identify the defendant as the perpetrator of the crime was a latent fingerprint from the inside door of the coke machine at the scene of the crime.
After a careful examination of the record, we conclude that there was competent substantial evidence to support the judgment of conviction as to the commission of the offense and the identity of the appellant as the perpetrator thereof. Cf. Dargans v. State, Fla.App. 1972, 259 So.2d 782.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.