PER CURIAM.
The appellant was informed against, charged in one count with breaking and entering a building with intent to commit *577 grand larceny, and in a second count charged with the crime of grand larceny. On a jury trial he was convicted on the first count, and has appealed therefrom. On the grand larceny count the jury was unable to agree and an order of mistrial was entered thereon.
While closed over Labor Day weekend, a lawyer’s office was broken into. Some coins of value in excess of $100.00 and other items were taken from a safe, and some business machines were taken. Fingerprints found in the office were determined to be those of the defendant. A confession was made by the defendant. His motion to suppress was heard and denied. The fingerprint evidence and confession were introduced at trial.
Appellant argues the court committed reversible error in denying his motions for mistrial following references in the prosecutor’s opening argument, and in testimony by a state’s witness as to comparison of defendant’s fingerprints found at the scene with his fingerprints previously made and on file. [The prints were also compared with standards taken for that purpose]. We hold that argument is without merit here.
Those references to fingerprints previously taken, or on file, were eviden-tially improvident. However, as to one of them there was an absence of any objection and request for a cautionary instruction (Morris v. State, 100 Fla. 850, 130 So. 582), and as to the other the defendant’s attorney decided against the giving of an instruction to disregard, when such was proposed by the court. Moreover, as argued by the state, any prejudicial effect thereof would not be of the substantiality which is attributed to references to “mug shots”, and even as to the latter it has been held that reference thereto will not constitute automatic reversibility, and that such references should be considered by an appellate court upon the entire record and surrounding circumstances, to determine whether they are of such character that neither rebuke nor retraction would entirely destroy their sinister influence. Loftin v. State, Fla. 1973, 273 So.2d 70; Akin v. State, 86 Fla. 564, 98 So. 609, 612. Also, in view of the overwhelming evidence of guilt, the errors in that regard would not warrant reversal in this case, in view of the harmless error rule.
The trial court correctly denied the defendant’s motion for mistrial based on a claim that a statement made by the prosecutor in final argument amounted to a comment on the failure of the defendant to testify in his own behalf. Read in context, the challenged statement of the prosecutor was not of the character claimed by the defendant, but was legitimate comment on the evidence. No useful purpose would be served by setting out in this opinion the portion of the prosecutor’s argument showing the comment in question and the portions thereof which reveal the context of the argument in relation to which the statement was made. The ruling of the trial court in that connection is supportable under Gray v. State, 42 Fla. 174, 28 So. 53; Clinton v. State, 56 Fla. 57, 47 So. 389; State v. Jones, Fla.1967, 204 So.2d 515; Woodside v. State, Fla.App.1968, 206 So.2d 426.
We find no error in the giving of the “Allen Charge”, when the jury announced its indecision. State v. Bryan, Fla. 1974, 290 So.2d 482; United States v. Furlong, 7 Cir. 1952, 194 F.2d 1; Andrews v. United States, 5 Cir. 1962, 309 F.2d 127. Lee v. State, Fla.App.1970, 239 So.2d 136, is distinguishable on its facts.
No reversible error having been shown, the judgment is affirmed.