366 So.2d 530 (1979)
Ricky Ellis PARRISH, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1239.
District Court of Appeal of Florida, Third District.
January 23, 1979.
Bennett H. Brummer, Public Defender and Mark King Leban, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Susan Minor, Asst. Atty. Gen., for appellee.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
*531 SCHWARTZ, Judge.
The appellant, who was convicted of burglary, complains of the trial judge's action in declining to eliminate the date and place of taking from the fingerprint standard card introduced into evidence. His theory is that since the date was before the offense involved in the trial, and the place of taking was the police department, the information may have improperly led the jury to believe that the defendant had some prior criminal involvement. Since nothing on the card indicated that this was the case, or that the standards had been taken for any reason other than mere non-criminal identification, it is clear that no error, much less harmful error, has been demonstrated on this point. See Jackson v. State, 328 So.2d 576 (Fla. 3d DCA 1976); Henderson v. State, 304 So.2d 537 (Fla. 3d DCA 1974); Jenkins v. State, 208 So.2d 276 (Fla. 3d DCA 1968) cert. denied, 212 So.2d 878 (Fla. 1968); § 924.33, Fla. Stat. (1977).
We likewise reject the defendant's contention that the fingerprint evidence against him was insufficient to sustain his conviction. Roberts v. State, 268 So.2d 578 (Fla. 3d DCA 1972). Therefore, the judgment below is
Affirmed.