DANIEL S. PEARSON, Judge.
We affirm the adjudication of delinquency for burglary and grand theft upon a holding that in this case where the identity of the perpetrator was the sole disputed issue (1) the evidence that the juvenile’s fingerprint was found on the inner surface of a jalousie window slat at the break-in point of a private residence with which the juvenile had no prior contact or relation was, viewed in a light most favorable to the State, see Codie v. State, 313 So.2d 754 (Fla.1975); Everett v. State, 339 So.2d 704 (Fla.3d DCA 1976), sufficient to establish that the print was made only at the time the crime was committed and to identify the juvenile as the person who committed the crime, see Tirko v. State, 138 So.2d 388 (Fla.3d DCA 1962); compare J. C. v. State, 377 So.2d 731 (Fla.3d DCA 1980); State v. Hayes, 333 So.2d 51 (Fla.4th DCA 1976); Ivey v. State, 176 So.2d 611 (Fla.3d DCA 1965); and (2) the juvenile’s testimony that he touched a jalousie slat lying in the yard adjoining the" victim’s home, although raising a hypothesis of innocence, does not bring the juvenile, as he claims, within the ambit of McArthur v. State, 351 So.2d 972 (Fla.1977), in light of evidence, inconsistent with such hypothesis, that the jalousie which the juvenile purportedly touched was *57 other than the jalousie from which his latent print was removed.[1]
Affirmed.

. The victim testified she returned home after a day at work at 5:30 p. m. and found the break-in. The police arrived shortly thereafter and removed the latent print from a jalousie slat at the victim’s home. The juvenile testified that at 4:30 p. m. he went to visit his friend who lived next door to the victim and that, while there, he handled a jalousie slat. He remained with his friend until 6:00 p. m. Given this testimony, the trial judge was clearly justified in discounting the juvenile’s apparent hypothesis that the jalousie slat he touched in his friend’s yard was replaced in the victim’s home before 5:30 p. m. and was one and the same as the slat from which the latent print was removed. Needless to say, the trial judge could also have concluded that the peripatetic slat in the yard was much like the unicorn in the garden.