PER CURIAM.
We affirm the trial court’s adjudication of delinquency based on jury findings that the juvenile committed burglary and theft.
Where the victim testified that she did not know the juvenile and had never given him permission to visit her home, evidence that the juvenile’s fingerprints were found on the entry window and on items inside the bedroom of victim’s private residence is sufficient to support the conviction. Roberts v. State, 268 So.2d 578 (Fla.3d DCA 1972). See also Parrish v. State, 366 So.2d 530 (Fla.3d DCA 1979).
Where the only objection to admission of the fingerprint evidence at trial is on grounds of relevancy, the motion to suppress the fingerprint standards is not properly preserved for appeal. See, e. g., Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980) (where identity is an issue, relevant evidence is admissible); Henderson v. State, 304 So.2d 537 (Fla.3d DCA 1974) (evidence admissible when identity is major issue). See also Alvarez v. State, 400 So.2d 768 (Fla. 4th DCA 1981) (Case No. 79-1546, opinion filed May 27, 1981) (failure to object at trial to introduction of materials sought to have been suppressed in pretrial motion fails to preserve issue for review); Jones v. State, 360 So.2d 1293 (Fla.3d DCA 1978) (failure to renew an objection at trial contemporaneously with admission of the contested evidence constitutes a waiver of a right to appellate review even though issues of constitutional dimension are claimed).
Affirmed.