SCHWARTZ, Judge.
This is an appeal from a judgment and sentence entered upon the revocation of Rosario’s probation. We affirm on the ground that the fingerprint evidence was sufficient to support the finding that he had committed a subsequent burglary.[1] See D.J.C. v. State, 400 So.2d 830 (Fla.3d DCA 1981); M.R. v. State, 399 So.2d 56 (Fla.3d DCA 1981); Henderson v. State, 304 So.2d 537 (Fla.3d DCA 1974); Dargans v. State, 259 So.2d 782 (Fla.2d DCA 1972).
The trial judge orally announced findings that the defendant had also violated the conditions which required restitution and payment of the costs of supervision. We need not address the appellant’s challenges to these conclusions because there is no showing that he was harmed by them. No formal order of revocation is in the record on appeal,[2] and it is obvious that the defendant’s commission of the substantive crime alone was sufficient to support and in fact was responsible for the conclusions reached below. See Parrish v. State, 402 So.2d 530 (Fla.3d DCA 1981); Scherer v. State, 366 So.2d 840 (Fla.2d DCA 1979); compare, Aaron v. State, 400 So.2d 1033 (Fla.3d DCA 1981); Jess v. State, 384 So.2d 328 (Fla.3d DCA 1980).
Affirmed.

. Rosario’s prints were found on liquor bottles taken from behind the bar of a burglarized restaurant, an area to which the public had no access.

. Compare Parrish v. State, 402 So.2d 530 (Fla.3d DCA 1981), and cases cited, in which unsustained grounds were stricken from a written order which was before us. In this case, we do not know what grounds were stated in the order below or, indeed, whether such an order was even ever entered.