416 So.2d 899 (1982)
Dana Lamar NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2396.
District Court of Appeal of Florida, Second District.
July 14, 1982.
Jerry Hill, Public Defender, Bartow, and Robert J. Krauss, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
Dana Lamar Nelson appeals his conviction for second degree murder, contending that the prosecutor violated his constitutional right to remain silent by commenting on his failure to make an exculpatory statement prior to trial. We disagree and affirm.
Nelson, employed as a bartender at the Manhattan Bar in St. Petersburg, shot and killed Alton Harden during a dispute arising out of the sale by Harden to Nelson of a toy pistol which Harden represented at the time of sale as being real. From the time of the shooting until his trial, Nelson gave no statements about the incident. At trial, he testified on direct, describing the shooting as accidental and partly motivated by self-defense.
The prosecutor cross-examined Nelson as follows:
PROSECUTOR: You told Mr. Eide ... on direct examination that you were going to leave the bar because no one would believe what your testimony was here today, is that correct?
APPELLANT: Yes, sir.
PROSECUTOR: And is that the reason you told no one on the incident of the shooting, the night of the shooting, knowing full well that a man is dead, is that the reason you never say anything until you come to court today, because you don't think anyone would believe... .
DEFENSE COUNSEL: I'm going to object and ask to approach the bench. [The following were in lowered tones at the bench.]
DEFENSE COUNSEL: I would object as being a comment, direct comment, on the defendant's right to remain silent. He mentioned, "You didn't tell anyone until *900 you came in here today;" that's a direct comment. I move for mistrial based on that.
PROSECUTOR: If you take it in context, I was talking about civilian witnesses, and that's exactly what I meant. The right to talk to civilian witnesses is not a violation of any Miranda rights.
DEFENSE COUNSEL: The jury didn't understand it that way, and what he meant and what was understood by the jury are two different things, your Honor.
THE COURT: I will deny the motion for mistrial. I would suggest and direct the State to not pursue that particular question.
The right to remain silent has historically received strict protection in our state. Simpson v. State, No. 49,681 (Fla., filed April 8, 1982); Willinsky v. State, 360 So.2d 760 (Fla. 1978); Bennett v. State, 316 So.2d 41 (Fla. 1975); Simmons v. State, 139 Fla. 645, 190 So. 756 (1939). However, a prosecutor's remarks must always be examined with an eye to the context in which they appear. State v. Jones, 204 So.2d 515 (Fla. 1967); Jackson v. State, 328 So.2d 576 (Fla. 3d DCA 1976); Duval v. State, 190 So.2d 613 (Fla. 3d DCA 1966). As the fifth circuit noted in United States v. Forrest, 620 F.2d 446, 455-56 (5th Cir.1980):
[S]tatements that might appear improper when considered in a vacuum may be found permissible when examined in context.
On direct examination, Nelson said he considered leaving the bar after the incident since he did not think anyone would believe his version of the shooting. The prosecutor's remarks on cross-examination were directed not to Nelson's failure to explain himself to police, but instead to his failure to talk to other civilian patrons in the bar immediately following the shooting. Viewed in this context, the prosecutor's remarks were not fairly susceptible of interpretation by the jury as a comment on Nelson's right to remain silent. David v. State, 369 So.2d 943 (Fla. 1979). Accordingly, the trial court did not err in denying the motion for mistrial and Nelson's conviction and sentence is AFFIRMED.
GRIMES and CAMPBELL, JJ., concur.