CORRECTED OPINION

PER CURIAM.
On Appellant’s motion for rehearing or clarification, we withdraw our previously-issued opinion and issue the following opinion in its place.
*1292 Appellant, M.M., appeals the trial court’s finding and adjudication of delinquency on the charges of grand theft and burglary. As to the grand theft charge, the State properly concedes that the evidence presented at the adjudicatory hearing was insufficient to establish that the value of the property was $300 or more. See § 812.041(2)(c)l, Fla. Stat. (2009); AD. v. State, 30 So.3d 676 (Fla. 3d DCA 2010). Therefore, we reverse the adjudication of delinquency as to the grand theft charge and remand with directions to enter an adjudication of delinquency for petit theft.
Finding no merit as to the remaining points on appeal, we affirm the trial court’s findings and adjudications in all other respects. See Sorey v. State, 419 So.2d 810, 813 (Fla. 3d DCA 1982) (holding that where fingerprints “are located in a place, on an object, or on a particular part of an object to which the general public does not have access, the hypothesis that the print was not placed on the object at the time of the crime is not one which the court must declare reasonable as a matter of law, and it remains for the jury to determine its reasonableness.... [S]uch proof, standing alone, is legally sufficient, and the jury may infer from it that the print was made at the time of the crime”); Roberts v. State, 268 So.2d 578 (Fla. 3d DCA 1972) (holding motion for judgment of acquittal properly denied where defendant’s fingerprints were found on kitchen doorjamb, on cigarette lighter in bedroom, and on windowsill in bedroom; prints were left in a private home in areas or on objects not accessible to general public); Summerson v. State, 200 So.2d 594 (Fla. 3d DCA 1967) (holding fingerprint evidence sufficient to support conviction where dentist’s office was broken into and defendant’s fingerprint was found on a file cabinet located in a private area not accessible to patients or the general public).
Affirmed in part, reversed in part, and remanded.