BERGER, Judge.
A Surry County jury found Thomas Howard Strickland, Jr. ("Defendant") guilty of sale and delivery of cocaine and possession with intent to sell or deliver cocaine on May 17, 2017. Defendant subsequently pleaded guilty to having attained habitual felon status, and he was sentenced to seventy-six to one-hundred-four months in prison. Defendant appeals, arguing (1) the trial court erred when it denied his motion to suppress a witness' out-of-court and in-court identification of him, (2) he was prejudiced by statements made by the prosecutor during closing arguments, and (3) that the trial court erred when it failed to intervene ex mero motu during the prosecutor's closing argument. We disagree.
Factual and Procedural Background
On October 8, 2013, Officer Shane Glenn ("Officer Glenn") was working undercover in Surry County when he purchased $100.00 worth of crack cocaine from "a black male, 50's, slim build, [wearing a] hoody" and a red, white, and blue moped helmet. After the buy, Sergeant Matt Darisse ("Sergeant Darisse") with the Surry County Sheriff's Department showed Officer Glenn several photographs in an effort to identify the man wearing the red, white, and blue moped helmet, but none of the photographs were of the individual who sold him crack cocaine.
The next day, Detective Rita Nichols ("Detective Nichols") with the Surry County Sheriff's Department observed an individual on a moped wearing a red, white, and blue helmet. The individual wearing the red, white, and blue moped helmet was at the same location Officer Glenn purchased crack cocaine the day prior. Detective Nichols approached the individual, who identified himself as Defendant. Officer Glenn was subsequently emailed a photograph of Defendant by Sergeant Darisse. The photograph was selected based upon the description provided by Officer Glenn, and the investigation and observations of Detective Nichols. Officer Glenn positively identified Defendant as the individual in the red, white, and blue moped helmet who sold him crack cocaine the previous day.
Defendant was arrested on February 22, 2014, and the Surry County Grand Jury indicted Defendant for possession with intent to sell and deliver cocaine and sale or delivery of cocaine on June 23, 2014.
Before trial, Defendant moved to suppress Officer Glenn's out-of-court and in-court identifications of him, contending that the single photo show-up used to identify Defendant was impermissibly suggestive and led to a substantial likelihood of misidentification. The trial court denied the motion to suppress, finding that the identification was not unnecessarily suggestive to create a danger of misidentification.
Defendant also moved to quash subpoenas issued by the State for his wife and step-daughter. The trial court ruled that Defendant's wife could not be called to testify due to spousal privilege, and Defendant's step-daughter could not be called to testify because her testimony would not be helpful to the jury and the probative value of her testimony was outweighed by the danger of unfair prejudice.
At trial, Officer Glenn testified without objection that Defendant was the subject in three still images from a video recording taken from the undercover vehicle during the controlled purchase of crack cocaine. The images were introduced into evidence without objection.
During closing arguments, the prosecutor argued "[y]ou saw the defendant's wife and stepdaughter ... sitting right over here ... throughout this entire trial; and you didn't hear the defense call either one of them to testify." Defense counsel objected but was overruled. The prosecutor continued stating, "to tell you that someone who's been married to him for years ... someone who's lived with him, someone who would know; you didn't hear the defense call either one of them to tell you that's not the defendant in this picture." Defense counsel objected a second time, and the trial judge sustained the objection but offered no curative instruction. The prosecutor also argued that there was a "big drug problem in Surry County," and told jurors that this was their chance to convict a drug dealer.
The jury found Defendant guilty of sale and delivery of cocaine and possession with intent to sell or deliver cocaine. Defendant subsequently entered an Alford plea to having attained habitual felon status, and he was sentenced to seventy-six to one-hundred-four months in prison. Defendant appeals.
Analysis
Defendant first argues that the trial court erred by denying his motion to suppress the in-court and out-of-court identifications of him as the individual who sold drugs to Officer Glenn and who whore the red, white, and blue moped helmet. We disagree.
Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Cooke , 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982) (citation omitted). "The trial court's conclusions of law ... are fully reviewable on appeal." State v. Hughes , 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).
However, "to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent." State v. Eason , 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991) (citation omitted); see also N.C.R. App. P. 10(a)(1). "[T]his Court has consistently interpreted [the Rules of Appellate Procedure] to provide that a trial court's evidentiary ruling on a pretrial motion [to suppress] is not sufficient to preserve the issue of admissibility for appeal unless a defendant renews the objection during trial." State v. Oglesby , 361 N.C. 550, 554, 648 S.E.2d 819, 821 (2007) ; see also State v. Golphin 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000) ("[W]e have previously stated that a motion in limine was not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial."), cert. denied , 532 U.S. 931, 149 L.Ed. 2d 305 (2001) ; State v. Hargett , 241 N.C. App. 121, 126, 772 S.E.2d 115, 120 ("[D]enial of a motion to suppress does not preserve that issue for appellate review in the absence of a timely objection when the evidence is introduced at trial."), disc. review denied and appeal dismissed , --- N.C. ----, 776 S.E.2d 191 (2015). "Where evidence is admitted over objection and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." State v. Alford , 339 N.C. 562, 570, 453 S.E.2d 512, 516 (1995) (citations omitted).
Out-of-Court Identification
Here, Defendant's motion to suppress sought to exclude testimony concerning the out-of-court single-photo show-up procedure, and any in-court testimony relating to the procedure. Defendant argues that he preserved the issue for appeal because he properly objected to the in-court testimony of Officer Glenn that referred to the single-photo show-up procedure as explained in his motion to suppress. However, without objection, Officer Glenn testified that Deputy Darisse emailed him a photograph and that "it was the individual that I made the controlled purchase off of the day before." The State also elicited the following testimony from Officer Glenn without objection:
[The State:] So the next day Sgt. Darisse sent you a photograph of the defendant.
[Officer Glenn:] Yes.
[The State:] And asked if that was the man that sold you the substance that appeared to be crack cocaine.
[Officer Glenn:] Yes.
[The State:] And what did you tell Sgt. Darisse?
[Officer Glenn:] I told Sgt. Darisse that that was the individual that I made the purchase off of.
Moreover, Sergeant Darisse testified without objection that he sent a photograph of Defendant to Officer Glenn, and that Officer Glenn "positively identified [Defendant] ... as the person he purchased crack cocaine from."
Because Defendant failed to object to evidence at trial concerning Officer Glenn's out-of-court identification, he has failed to properly preserve this issue, and we review for plain error.
In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.
N.C.R. App. P. 10(a)(4) ; see also State v. Goss , 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), cert. denied , 555 U.S. 835, 172 L.Ed. 2d 58 (2008).
The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." State v. Gregory , 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done.' " State v. Odom , 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill , 676 F.2d 995, 1002 (4th Cir. 1982), cert. denied , 459 U.S. 1018, 74 L.Ed. 2d. 513 (1982) ).
"The plain error rule applies only in truly exceptional cases." State v. Walker , 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Jordan , 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993) (citation omitted).
Defendant first argues that Officer Glenn's out-of-court identification of Defendant violated N.C. Gen. Stat. § 15A-284.52, commonly referred to as the "Eyewitness Identification Reform Act" ("EIRA"). However, the EIRA, which was amended in 2015, does not apply to the identification at issue in this case, which occurred in October 2013.
Prior to the 2015 amendment, this Court stated that "the EIRA does not apply to such single-photograph identification because they are not lineups" under the statute. State v. Macon , 236 N.C. App. 182, 189, 762 S.E.2d 378, 383, disc. review denied , 367 N.C. 800, 766 S.E.2d 620 (2014). This Court further stated that the "Legislature [did not] intend[ ] to prevent police officers from consulting with a photograph in their database to follow up on leads they were given by other officers." Id. at 190, 762 S.E.2d at 383. The use of a single-photograph identification technique can be an effective tool for police departments to utilize, particularly in the early stages of their investigations. Id. Defendant concedes in his brief that our courts previously recognized this type of identification procedure as a legitimate technique.
The trial court did not err in allowing Officer Glenn's out-of-court identification of Defendant to be admitted into evidence. Because Defendant has failed to show the trial court erred, he cannot show plain error.
Defendant next contends that the out-of-court identification was so impermissibly suggestive that it created a substantial likelihood of misidentification. Our courts look at the totality of the circumstances to determine if there is a substantial likelihood of irreparable misidentification. State v. Rawls , 207 N.C. App. 415, 424, 700 S.E.2d 112, 118 (2010). An out-of-court identification violates a defendant's due process rights "where the facts reveal a pretrial identification procedure so impermissibly suggestive that there is a very substantial likelihood of irreparable misidentification." State v. Harris , 308 N.C. 159, 162, 301 S.E.2d 91, 94 (1983) (citations omitted); see also State v. Washington , 192 N.C. App. 277, 296-97, 665 S.E.2d 799, 811-12 (2008). "Even though a pretrial identification procedure may be suggestive, it will be impermissibly suggestive only if all the circumstances indicate that the procedure resulted in a very substantial likelihood of irreparable misidentification." Harris , 308 N.C. at 164, 301 S.E.2d at 95.
Our courts have considered the following factors in evaluating the likelihood of irreparable misidentification:
(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.
Id. ; see also Washington , 192 N.C. App. at 296-97, 665 S.E.2d at 811.
In the case sub judice , when we consider the Harris factors in light of the totality of the evidence, we must conclude that there was no substantial likelihood of irreparable misidentification. See Rawls , 207 N.C. App. at 424, 700 S.E.2d at 118. Officer Glenn observed and interacted with Defendant twice: once during the original hand-to-hand drug exchange, and then when Defendant returned later to give Officer Glenn the additional crack cocaine. Officer Glenn testified that he deliberately looked at Defendant's face and clothing, attempting to gather as much identifying information as possible during the two transactions.
In addition, Officer Glenn understood the importance of accurately identifying Defendant. Officer Glenn had been in law enforcement for approximately ten years, and he had previously conducted undercover investigations and purchases as a narcotics officer with the Alleghany County Sheriff's Department. Officer Glenn testified that he received training on techniques to obtain and recall appearances and descriptions to assist in the prosecution of suspected drug dealers.
Further, Officer Glenn testified that he was paying close attention to Defendant during the drug transaction. Officer Glenn was able to provide a detailed description of the individual wearing the red, white, and blue moped helmet, and the description he provided matched Defendant's protective headgear and physical characteristics. Finally, the positive identification by Officer Glenn occurred one day following the purchase of crack cocaine from Defendant.
Based upon the totality of the circumstances, there was no substantial likelihood of irreparable misidentification with Officer Glenn's out-of-court identification of Defendant.
In-Court Identification
"An in-court identification is competent even if the pretrial confrontation was improper, if the State's witness's in-court identification is independent in origin from the pretrial confrontation." State v. Jordan , 49 N.C. App. 561, 566, 272 S.E.2d 405, 409 (1980) (citations omitted); see also Macon , 236 N.C. App. at 191, 762 S.E.2d at 383-84.
Here, Officer Glenn testified without objection
[The State:] Now, let me ask you this: Do you see that man here today [who sold you crack cocaine]?
[Officer Glenn:] Yes, I do.
...
[The State:] Where do you see that man today?
[Officer Glenn:] Sitting right here. (Indicating)
[The State:] The defendant at the defendant table?
[Officer Glenn:] Yes.
[The State:] Looking at him now, remembering, seeing him in 2013, do you have any doubt that this is the man that you saw that day when you bought that substance from him?
[Officer Glenn:] No, sir, no doubt whatsoever.
Officer Glenn's in-court identification was from memory of the incident and seeing Defendant in 2013, not from his identification of Defendant from the photograph. Thus, the in-court-identification of Defendant was of an independent origin. Because there was no error in the in-court identification, Defendant cannot show plain error.
Closing Argument
Defendant next argues that the trial court erred in allowing statements by the prosecutor to be made during closing arguments. Specifically, Defendant assigns error to the following exchange during closing arguments:
[The State]: You saw the defendant's wife and stepdaughter, who was introduced to you before this trial began, sitting right over here on the benches; they've sat here throughout this entire trial; and you didn't hear the defense call either one of them to testify to look at these pictures-
[Defense Counsel]: Your Honor, I'm going to object at this point.
THE COURT: Overruled.
[The State]: -to tell you that someone who's been married to him for years, a stepdaughter, someone who's lived with him, someone who would know; you didn't hear the defense call either one of them to tell you that's not the defendant in this picture.
[Defense Counsel]: Again, I would object, Your Honor.
THE COURT: Sustained.
Defendant did not request a peremptory instruction, but argues that the trial court should have nevertheless instructed the jury to disregard the statements concerning Defendant's wife not being called to testify.
"The spouse of the defendant shall be a competent witness for the defendant in all criminal actions, but the failure of the defendant to call such spouse as a witness shall not be used against him." N.C. Gen. Stat. § 8-57(a) (2017). The failure of defendant's wife to testify on his behalf shall not be used to his prejudice. State v. McCall , 289 N.C. 570, 575, 223 S.E.2d 334, 337 (1976). Our Supreme Court has stated that the trial court should provide a prompt peremptory instruction for the jury to disregard any such argument. State v. Helms , 218 N.C. 592, 596, 12 S.E.2d 243, 246 (1940). When a trial court errs by failing to provide a peremptory instruction, "the error is not prejudicial unless there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." State v. Barden , 356 N.C. 316, 381, 572 S.E.2d 108, 149 (2002) (citation and quotation marks omitted), cert. denied , 538 U.S. 1040, 155 L.Ed. 2d 1074 (2003). Defendant has the burden of showing that he was prejudiced by the trial court's error. N.C. Gen. Stat. § 15A-1443(a) (2017).
As set forth above, there is overwhelming evidence in the record from which the jury could find Defendant guilty of sale or delivery of cocaine and possession with intent to sell or deliver cocaine. Defendant contends the prosecutor's statements may have allowed the jury to make an improper inference concerning a potential identification of Defendant by Ms. Strickland. However, any such inference would be insufficient to overcome Officer Glenn's identification and description of Defendant, the video evidence of the drug transaction, and the evidence that law enforcement encountered Defendant in the same location the next day wearing the red, white, and blue moped helmet. Based upon the record as a whole, Defendant has failed to meet his burden.
Defendant also contends the trial court erred by failing to intervene ex mero motu when the prosecutor purportedly injected personal experiences into his closing argument, and purportedly urged the jury to punish Defendant because of the drug problem in the community. We find no error.
"When applying the abuse of discretion standard to closing arguments, this Court first determines if the remarks were improper." State v. Jones , 355 N.C. 117, 131, 558 S.E.2d 97, 106 (2002). Remarks that can be considered improper include "statements of personal opinion, personal conclusions, name-calling, and references to events and circumstances outside the evidence, such as the infamous acts of others." Id.
After determining that a remark is improper, this Court must then "determine if the remarks were of such a magnitude that their inclusion prejudiced defendant, and thus should have been excluded by the trial court." Id. Our Supreme Court has "consistently held that a prosecutor may argue that a jury is the voice and conscience of the community." Barden , 356 N.C. at 367, 573 S.E.2d at 140 (citation and quotation marks omitted). It is well settled that a prosecutor "may also ask the jury to send a message to the community regarding justice." Id. (citation and quotation marks omitted).
"Prosecutors are given wide latitude in the scope of their argument." State v. Alston , 341 N.C. 198, 251, 461 S.E.2d 687, 717 (1995) (citation omitted), cert. denied , 516 U.S. 1148, 134 L.Ed. 2d 100. However, during closing arguments,
an attorney may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice. An attorney may, however, on the basis of his analysis of the evidence, argue any position or conclusion with respect to a matter in issue.
N.C. Gen. Stat. § 15A-1230(a) (2017).
Our Supreme Court has stated that
[w]e will not find error in a trial court's failure to intervene in closing arguments ex mero motu unless the remarks were so grossly improper they rendered the trial and conviction fundamentally unfair. In determining whether argument was grossly improper, this Court considers the context in which the remarks were made, as well as their brevity relative to the closing argument as a whole.
State v. Taylor , 362 N.C. 514, 536, 669 S.E.2d 239, 259 (2008) (purgandum[1] ), cert. denied , 558 U.S. 851, 175 L.Ed. 2d 84 (2009).
Here, the prosecutor argued to the jury without objection from Defendant:
there's a big drug problem in Surry County. ... But as a community what are we doing about it? Are we okay with our youth going out into the community going into areas where they can just pull up to a curb and just buy drugs ...? Are we going to watch the community deteriorate like that?
...
Are we going to keep reading in the newspaper and complaining that nobody does anything about it? Are we keep going out to church and talking about how the justice system doesn't work? Are we going to keep talking-running into the judge in the grocery store and wondering, asking him: Why aren't we trying and convicting enough drug dealers? This is your chance.
In this case, the prosecutor's statements were not improper, and cannot be said to be so grossly improper that the trial judge would be required to intervene ex mero motu . Based upon the law enforcement testimony, video, and still photographs presented by the State, the evidence tended to show Defendant sold crack cocaine to an undercover officer. The prosecutor's statements were an analysis and argument based upon the evidence of Defendant's conduct in an open-air drug market operating in Surry County. The prosecutor also properly urged members of the jury to be the voice and conscience of Surry County by convicting Defendant based upon the evidence presented. See Barden , 356 N.C. at 367, 573 S.E.2d at 140. As such, we hold that the trial court did not abuse its discretion by not intervening ex mero motu during the prosecutor's closing arguments.
Conclusion
Defendant received a fair trial, free of prejudicial error.
NO ERROR.
Report per Rule 30(e).
Judges ELMORE and INMAN concur.

Our shortening of the Latin phrase "Lex purgandum est. " This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use purgandum to mean simply that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.