PER CURIAM.
Affirmed. See Sorey v. State, 419 So.2d 810, 812 (Fla. 3d DCA 1982) (holding: "Where, as here, fingerprint evidence is the sole evidence relied upon to establish that the defendant was the perpetrator of the crime, it is said that 'the circumstances must be such that the print could have been made only at the time the crime was committed.' Tirko v. State, 138 So.2d 388, 389 (Fla. 3d DCA 1962). The determination of whether the circumstances are such that the print could have been made only at the time the crime was committed is to be made by the fact-finder, Roberts v. State, 268 So.2d 578 (Fla. 3d DCA 1972), provided that the court, viewing the evidence in a light most favorable to the State, M. R. v. State, 399 So.2d 56 (Fla. 3d DCA 1981), has first determined that a reasonable-minded jury could find the guilt of the defendant beyond a reasonable doubt. In the Interest of G. B. S., 417 So.2d 1181 (Fla. 4th DCA 1982) ; Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974). Thus, in a case where fingerprint evidence is the sole evidence relied upon to establish the identity of the defendant as the perpetrator of the crime, the court, viewing the evidence most favorably to the State, must decide whether reasonable-minded jurors could find beyond a reasonable doubt that the fingerprints were made at the time the crime was committed.") (Footnotes omitted). See also M.M. v. State, 87 So.3d 1291 (Fla. 3d DCA 2012) ; Summerson v. State, 200 So.2d 594 (Fla. 3d DCA 1967) ; Amell v. State, 438 So.2d 42 (Fla. 2d DCA 1983).