### STATE v. FRANK HUFFMAN.

(Filed 11 December, 1935.)

**1. Burglary C d—Evidence of defendant's guilt of feloniously breaking and entering held sufficient to be submitted to the jury.**

Evidence tending to show that a store building had been broken into by breaking the lock and prizing the rear door open, that defendant's fresh finger prints were found the following morning about the vault, which had been blown open with nitro-glycerine, and about other places in the building, and that at the time of his arrest some ten months after the commission of the crime, defendant had in his possession dynamite caps

and nitro-glycerine, *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of feloniously breaking and entering, the evidence being sufficient to warrant the inference that defendant was present and committed or participated in the commission of the crime, and the weight and credibility of the evidence being for the jury.

**2. Criminal Law G i—Testimony of finger print expert held competent.**

Where a witness testifies that he has had special training and experience in taking and classifying finger prints, his testimony that the fresh finger prints found at the scene of the crime were identical with those of defendant is competent as tending to show that defendant was present when the crime was committed, and that he at least participated in its commission.

**3. Same—**

It is competent for a finger print expert, in the presence of the jury, to demonstrate his method of taking finger prints and explain how he identifies them.

**4. Burglary C c—Defendant's possession of explosive some ten months after vault was blown open held competent under facts of this case.**

Where it is established by evidence that a store building was broken into and the vault therein blown open with nitro-glycerine, it is competent for the State to show, in connection with evidence tending to establish defendant's presence at the scene of the crime when it.was committed, that defendant had in his possession dynamite caps and nitro-glycerine when he was arrested some ten months after the commission of the crime, since such possession tended to show that, if defendant were present, he committed or participated in the commission of the crime, the probative value of the evidence being for the jury.

APPEAL by defendant from *Pless, J.,* at September Term, 1935, of GUILFORD. No error.

This is a criminal action in which the defendant Frank Huffman was tried at September Term, 1935, of the Superior Court of Guilford County on an indictment charging that on or about 12 November, 1934, at and in Guilford County, North Carolina, the said defendant did feloniously break and enter into a building owned and occupied by the Borden Brick and Tile Company, with the felonious intent to steal, take, and carry away from said building certain articles of personal property therein. The jury returned a verdict of guilty.

From judgment that he be confined in the State's Prison for a term of not less than three or more than five years, the defendant appealed to the Supreme Court, assigning as error the admission, over his objections, of evidence offered by the State, and the refusal of the court to allow his motion at the close of all the evidence for judgment as of nonsuit.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Younce & Younce for defendant.*

CONNOR, J. Neither of the assignments of error on this appeal can be sustained.

The evidence for the State showed that some time during the night of 12 November, 1934, a building owned and occupied by the Borden Brick and Tile Company, and located on Westover Terrace in the city of Greensboro, N. C., was entered through a rear door by some person or persons, with the felonious intent to steal, take, and carry away from said building articles of personal property then in said building. The rear door opening into said building was prized open after the lock had been broken by a pinch bar. There was a safe in the vault in the building in which was money and valuable papers. The door to the vault, which had been locked by the manager of the Borden Brick and Tile Company, before he left the building at the close of the previous day's business, had been blown open. The combination lock on the safe in the vault had been blown to pieces. Nothing was taken from the safe or from the vault. Police officers of the city of Greensboro, in response to a summons from the manager of the Borden Brick and Tile Company, arrived at the building, at about 8 o'clock on the morning after the building had been entered, and made an examination of the premises.

W. P. Whitley, a police officer of the city of Greensboro, who was found by the court to be a finger print expert, testified as follows:

"I am in charge of the identification bureau of the police department of the city of Greensboro. I have had practical experience for ten years in identifying persons by means of their finger prints. I had two years of training for this work in the police department of Washington City. I have taken the finger prints of over ten thousand persons, and have never found two persons who had the same finger prints.

"During the morning of 12 November, 1934, I went to the plant of the Borden Brick and Tile Company in the city of Greensboro. I found that the door to the vault in the office building had been forced open. It appeared to have been blown open. Inside the vault there was a safe. An attempt had been made to enter the safe. I found soap and glycerine packed around the crease in the door to the safe. In another office in the building I found a desk. The drawers to this desk had been prized open by some kind of an instrument. There was a metal box in one of the drawers.

"My first examination for finger prints was at the rear door of the building. I did not find any good finger prints there. I then went to the vault, and on the inside of the door to the vault I found some clear finger prints. I photographed these finger prints, and then went to the desk. On the side of the metal box which was in one of the drawers of the desk I found the print of a thumb and of four fingers. I photographed these prints and later developed these and the other photographs. This was in November, 1934.

"About a month ago, I took the finger prints of the defendant Frank Huffman, who was then in the custody of the police department of the city of Greensboro. I compared these finger prints with the photographs which I had made of the finger prints which I found in the office of the Borden Brick and Tile Company. They are identical. The finger prints which I found in the office of the Borden Brick and Tile Company are the finger prints of the defendant Frank Huffman. The finger prints which I found in the office of the Borden Brick and Tile Company on the morning of 12 November, 1934, were fresh finger prints."

The witness, at the request of the solicitor for the State, and in the presence of the jury, demonstrated his method of taking finger prints, and explained how he identified them. To this the defendant objected. His objections were overruled, and defendant excepted. This exception is manifestly without merit.

R. D. Hayworth, a police officer of the city of Greensboro, testified as follows:

"I know the defendant Frank Huffman. I arrested him at his home in the city of Greensboro three or four weeks ago. I examined his premises and found, under his house, buried in fresh dirt, several bottles containing nitro-glycerine. Near the place where these bottles were buried there were tracks made by a shoe of the size of the shoe worn by the defendant. I found in a trunk in defendant's house fuses and dynamite caps which the defendant said belonged to him. He said that he was a well-digger by trade, and had the fuses and the dynamite caps for use in digging wells. He said he knew nothing of the nitro-glycerine which I found in bottles buried under his house. I made tests with the fuses, dynamite caps, and nitro-glycerine which I found at the defendant's house. I had no difficulty when I made the tests in exploding the nitro-glycerine with the dynamite caps and fuses which I found in defendant's house."

The defendant objected to the testimony of this witness tending to show that the defendant had in his possession fuses, dynamite caps, and nitro-glycerine ten months after the commission of the crime with which he was charged. These objections were overruled, and defendant excepted. On his appeal to this Court he assigns as error the admission of this testimony as evidence. This assignment of error cannot be sustained. The testimony was competent as evidence tending to show that if the defendant was present when the crime was committed, as his finger prints tended to show, he committed or participated in the commission of the crime. The probative value of the evidence was, of course, for the jury to determine. See *State v. Fogleman,* 204 N. C., 401, 168 S. E., 356; also, 16 C. J., p. 546, section 1045.

The testimony of the finger print expert was competent as evidence tending to show that defendant was present when the crime was committed and that he at least participated in its commission. See *State v. Combs,* 200 N. C., 671, 158 S. E., 252. This evidence was properly submitted to the jury as tending to show the guilt of the defendant.

The judgment is affirmed.

No error.