## STATE OF NORTH CAROLINA v. DONALD E. MILLER

·No. 52

(Filed 17 December 1975)

1. **Criminal Law § 60— fingerprints — time of impressing — sufficiency of evidence for jury**

    Testimony by a qualified expert that fingerprints found at the scene of the crime correspond with the fingerprints of the accused, when accompanied by substantial evidence of circumstances from which the jury can find that the fingerprints could only have been impressed at the time the crime was committed, is sufficient to withstand motion for nonsuit and carry the case to the jury.

2. **Criminal Law § 60; Burglary and Unlawful Breakings § 5— fingerprint evidence — sufficiency of evidence for jury**

    In a prosecution for felonious breaking and entering of a launderette and larceny pursuant to the breaking and entering, evidence that (1) defendant's thumbprint was found on a vending machine lock at the scene of the crime, a fact defendant solemnly admitted in open court, (2) no other fingerprints—of defendant or anyone else—were found at the scene, and (3) when informed of the fingerprint defendant stated to the police that he had never been in the launderette—a statement later conceded to be false—raised legitimate inferences from which a jury could properly conclude that the thumbprint could only have been impressed on the lock at the time the crime was committed, and defendant's motion to nonsuit on the breaking and entering count was properly denied.

1

State v. Miller

APPEAL by defendant from decision of the Court of Appeals, 26 N.C. App. 440, 216 S.E. 2d 160 (1975), upholding judgment of *Cowper, J.,* 9 December 1974 Session, NEW HANOVER Superior Court.

Defendant was charged in a bill of indictment, proper in form, with (1) feloniously breaking and entering a building occupied by Williams Launderette located at 1107 Princess Street in the City of Wilmington with intent to commit the felony of larceny therein, and (2) larceny pursuant to the breaking and entering.

The State's evidence tends to show that James Rhue, an employee, closed Williams Launderette about 9 p.m. on the night of 23 September 1974. He fastened the back door with four hooks provided for that purpose, turned out the lights, and locked the front door. At 3:55 a.m. the following morning, Officer McNew found the lights on and the back door open. Various vending machines for candy, drinks and cigarettes had been pried open. A heavy chrome padlock which had secured the cigarette machine had been "busted off" and was lying on the floor with some burglary tools.

H. R. Williams, owner of the launderette, testified that no one had been given permission to enter the building that night. Mr. Williams said his launderette is open to the public and many people come and go during business hours and buy drinks, candy and cigarettes from the various vending machines. He testified that there is a row of chairs beside the cigarette machine and the padlock on the cigarette machine is on the side next to the chairs. Many people come in and sit in the chairs to socialize, drink and smoke.

T. W. Pollard, identification officer with the Wilmington Police Department, examined the chrome padlock for fingerprints and found one latent print of defendant's right thumb thereon. No other fingerprints were found, and Officer Pollard testified that the thumbprint on the padlock could have been placed there lawfully during business hours insofar as he knew. *Defendant stipulated in open court at trial that the thumbprint was his.*

Officer Cecil Gurganeous, a detective with the Wilmington Police Department, participated in the investigation and talked to defendant on 11 October 1974. After advising defendant of

his rights, he told defendant that the officers had lifted a fingerprint from a padlock which had been on the cigarette machine at Williams Launderette. *Defendant became very upset and said he had never been in the Williams Launderette.* Officer Gurganeous attempted to talk further with him but "he sat there and cursed and hollered and got real boisterous so I quit the conversation with him."

Defendant offered no evidence. His motion for nonsuit was denied as to the charge of breaking and entering but allowed as to the charge of larceny. The jury returned a verdict of guilty of felonious breaking and entering and defendant was sentenced to an active prison term. The Court of Appeals found no error, *Martin, J.*, dissenting, and defendant appealed to the Supreme Court as of right pursuant to G.S. 7A-30(2).

*James Oliver Carter of the firm of Carter and Carter, attorney for defendant appellant.*

*Rufus L. Edmisten, Attorney General; Archie W. Anders, Associate Attorney, for the State of North Carolina.*

HUSKINS, Justice.

Defendant's sole assignment of error rests on his contention that the trial court erred in denying his motion for nonsuit on the breaking and entering count and the Court of Appeals erred in upholding that ruling. He challenges only the sufficiency—not the competency—of the evidence to withstand his motion for nonsuit and carry the case to the jury.

Motion to nonsuit requires the trial court to consider the evidence in the light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom. *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49 (1968). Regardless of whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged has been committed and that defendant committed it, the motion to nonsuit should be overruled. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968).

The use of fingerprint evidence for identification purposes is so general and so accurate that in many cases it has been expressly declared that the courts will take judicial notice thereof. *See* Annot., Evidence—Finger, Palm, or Footprint, 28 A.L.R. 2d 1115, § 2 at 1119 (1953). *See generally State v. Rogers,*

233 N.C. 390, 64 S.E. 2d 572 (1951) ; *State v. Combs,* 200 N.C. 671, 158 S.E. 252 (1931).

[1] The sufficiency of fingerprint evidence to establish the identity of an accused has been considered by this Court in various cases. *State v. Jackson,* 284 N.C. 321, 200 S.E. 2d 626 (1973) ; *State v. Foster,* 282 N.C. 189, 192 S.E. 2d 320 (1972) ; *State v. Smith,* 274 N.C. 159, 161 S.E. 2d 449 (1968) ; *State v. Tew,* 234 N.C. 612, 68 S.E. 2d 291 (1951) ; *State v. Rogers, supra; State v. Reid,* 230 N.C. 561, 53 S.E. 2d 849, *cert. denied* 338 U.S. 876, 94 L.Ed. 537, 70 S.Ct. 138 (1949) ; *State v. Minton,* 228 N.C. 518, 46 S.E. 2d 296 (1948) ; *State v. Helms,* 218 N.C. 592, 12 S.E. 2d 243 (1940) ; *State v. Huffman,* 209 N.C. 10, 182 S.E. 705 (1935) ; *State v. Combs, supra.* These cases establish the rule that testimony by a qualified expert that fingerprints found at the scene of the crime correspond with the fingerprints of the accused, when accompanied by substantial evidence of circumstances from which the jury can find that the fingerprints could only have been impressed at the time the crime was committed, is sufficient to withstand motion for nonsuit and carry the case to the jury. The soundness of the rule lies in the fact that such evidence logically tends to show that the accused was present and participated in the commission of the crime.

What constitutes substantial evidence is a question of law for the court. What the evidence proves or fails to prove is a question of fact for the jury. *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431 (1956).

Implicit in the rule itself is the requirement that, to warrant a conviction by the jury, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed *under such circumstances that they could only have been impressed at the time the crime was committed. State v. Tew, supra; State v. Helms, supra;* 30 Am. Jur. 2d, Evidence, § 1144 (1967). "The fact that finger-prints corresponding to those of an accused are found in a place where a crime was committed is without probative force unless the circumstances are such that the finger-prints could have been impressed only at the time when the crime was perpetrated." *State v. Minton, supra. See generally* 1 Stansbury's North Carolina Evidence, §§ 86, 134 (Brandis rev. 1973). The question whether the fingerprints could have been impressed only at the

State v. Miller

time when the crime was committed is ordinarily a question of fact for the jury. *State v. Helms, supra.*

**[2]** This brings us to an analysis of the evidence in light of the foregoing legal principles. The State's evidence establishes these facts and circumstances: (1) Defendant's right thumbprint was found on the lock at the scene of the crime, a fact defendant solemnly admitted in open court; (2) no other fingerprints—of defendant or anyone else—were found at the scene; and (3) when informed of the fingerprint defendant stated to the police that he had never been in the Williams Launderette—a statement now conceded, both in his brief and on oral argument, to be false. What does all this tend to prove with respect to when or under what circumstances the defendant's thumbprint was impressed on the lock? Do these facts and circumstances raise legitimate inferences from which a jury may properly conclude that the thumbprint could only have been impressed on the lock at the time the crime was committed? We think so.

In *State v. Tew, supra,* the testimony of a fingerprint expert tended to show that fingerprints, found on a piece of broken glass from the front door which had fallen inside a filling station allegedly entered by the defendant, corresponded with defendant's fingerprints. The only evidence of circumstances from which the jury could find that defendant's fingerprints could have been impressed only at the time of the breaking and entering was the testimony of the filling station proprietor that she personally attended her service station and did not know and had not seen defendant before the date of the crime. Held: The evidence was sufficient to take the case to the jury and to support a finding by it that defendant was present when the crime was committed and participated in its commission.

In *State v. Helms, supra,* defendant was charged with (1) breaking and entering a dwelling with felonious intent to steal and (2) larceny. A fingerprint expert testified that prints lifted from a window on the back porch where the entry had been effected were identical with defendant's fingerprints. Defendant testified he had painted the dwelling for the owners and the fingerprints, if his, must have been impressed when he opened the window while painting the house. The State then offered evidence that after the painting was done the windows were washed on both the inside and outside. Held: Whether

the evidence was sufficient to establish beyond a reasonable doubt that the fingerprints found at the scene of the crime corresponded with those of the defendant and, if so, whether under the circumstances of the case the fingerprints could only have been impressed on the window at the time the crime was committed was a question for the jury.

When the evidence in this case is viewed in light of applicable legal principles, we are of the opinion that defendant's motion to nonsuit on the breaking and entering count was properly denied. Defendant's thumbprint on the lock conclusively establishes that defendant was in the launderette *at some unspecified time*. Furthermore, we know defendant falsely stated he had *never* been in the building. There is no evidence whatsoever that defendant was *lawfully* in or around the launderette at any time. When the thumbprint evidence is considered under these attendant circumstances, the most compelling permissible inference arising from defendant's falsehood is that he broke into and entered the building on the night the crime was committed and left his thumbprint on the lock at that time. Otherwise, had his thumbprint been impressed at any other time and under lawful circumstances, he would have so stated when the potentially incriminating presence of his thumbprint was brought to his attention by the officers. This suffices to repel nonsuit and carry to the jury the question whether defendant's thumbprint on the lock could have been impressed only at the time the offense was committed. The weight to be accorded such evidence is a question for the jury to determine in light of all the surrounding facts and circumstances. *State v. Tew, supra; State v. Helms, supra; State v. Huffman, supra; State v. Combs, supra;* 30 Am. Jur. 2d, Evidence, § 1144 (1967).

For the reasons stated the decision of the Court of Appeals upholding defendant's conviction is

Affirmed.