State v. McMillian

STATE OF NORTH CAROLINA v. JOSEPH LEVON McMILLIAN

No. 795SC399

(Filed 6 November 1979)

Criminal Law § 60.5; Robbery § 4.7— armed robbery—insufficiency of fingerprint evidence

The State's evidence was insufficient to establish the identity of defendant as one of the perpetrators of an armed robbery where it tended to show that the three robbers wore slitted pillowcases over their heads; two of the robbers wore white plastic surgical gloves and placed the money in a blue flight bag; ten days after the robbery the police searched an unoccupied house two blocks from the robbery scene and discovered a pair of plastic surgical gloves with defendant's fingerprints on them, a pillowcase with two eyehole slits, and a blue flight bag; defendant did not have permission to enter the unoccupied house; and defendant denied that he had been in the house, since the evidence was insufficient to show that defendant's fingerprints could have been impressed on the surgical gloves only at the time the robbery was committed.

APPEAL by defendant from *Small, Judge.* Judgment entered 9 January 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 31 August 1979.

Defendant was charged with armed robbery of $2,116.65 from North Carolina National Bank in Wilmington (N.C.N.B.) on 14 July 1978. He appeals from the judgment imposing a prison term of not less than 35 nor more than 40 years.

The State's evidence tended to show that three men wearing slitted pillowcases over their heads entered N.C.N.B. at the corner of North 7th and Market Streets at about 6:00 p.m.; that one stood in the lobby with a gun pointing in the direction of the

tellers and customers; that the other two men, both wearing white plastic surgical gloves, jumped over the counter, took money from the cash drawers and put the money in a blue flight bag; and that all three ran out of the bank, turned left, and proceeded north on North 7th Street.

The State's evidence also tended to show that the police found two plastic gloves and a pillowcase near the sidewalk on North 7th Street near the bank. In addition, on 24 July 1978, the police searched an upstairs apartment in an unoccupied house (603 Chestnut Street) at the corner of Chestnut and North 6th Streets, about two blocks from the Bank, where and at which time they found a pillowcase with two eyehole slits, a pair of plastic surgical gloves with defendant's fingerprints and a blue flight bag. The State's evidence further shows that the police then questioned the defendant; that defendant denied knowing anything about the gloves and flight bag; and that defendant denied he had ever been in the unoccupied house.

Defendant was arrested on 30 August 1978. Defendant offered no evidence at trial.

*Attorney General Edmisten by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin for the State.*

*George H. Sperry and W. Allen Cobb, Jr., for defendant appellant.*

CLARK, Judge.

The question on appeal is whether the evidence was sufficient to establish the identity of the accused as one of the perpetrators of the armed robbery.

It is established that in order to withstand a motion to dismiss where fingerprints of an accused are *found at the scene of the crime*, there must be substantial evidence of circumstances from which the jury can find that the fingerprints could have been *impressed only at the time the crime was committed. See State v. Miller*, 289 N.C. 1, 220 S.E. 2d 572 (1975), and cases compiled therein. However, fingerprints not found at the scene or not impressed at the time of the crime may have probative value and

may be admissible into the evidence if the fingerprints considered with the other evidence have a logical tendency to prove the identity of the accused as a perpetrator.

In the case before us the defendant's fingerprints were found not at the scene of the crime but on gloves discovered ten days after the robbery in an unoccupied house two blocks from the scene of the robbery. The evidence that the gloves were found in combination with the slitted pillowcase and the flight bag tends to show that the gloves on which defendant's fingerprints were found were gloves worn by one of the perpetrators.

Yet, to withstand dismissal on the question of whether defendant was one of the perpetrators, there must be substantial evidence from which the jury can find that the fingerprints could only have been impressed at the time the crime was committed or during flight or at the time of abandoning the gloves after flight. In the instant case, however, there is no logical elimination of other times when the fingerprints could have been impressed in view of the substantial time lapse of ten days between the crime and the discovery of the gloves on which defendant's fingerprints were found. Similarly, the additional evidence that defendant did not have permission to enter the unoccupied house and defendant's denial of entry into the house are not sufficient when considered with the fingerprint evidence to carry to the jury the question of defendant's guilt. The evidence is sufficient only to establish that at some unspecified place and at some unspecified time during the ten-day period between the commission of the crime and the discovery of the gloves defendant impressed his fingerprints on the gloves. If the gloves, pillowcase, and flight bag had been discovered immediately after the commission of the crime and the flight of the perpetrators, there might have been a reasonable inference that defendant was the perpetrator who wore the gloves during the robbery and discarded them after flight. But in view of the time lapse of ten days, this inference, though permissible, is not compelling and is not sufficient to take the case to the jury.

We conclude, in the present case, as did our Supreme Court in *State v. Scott*, 296 N.C. 519, 526, 251 S.E. 2d 414, 419 (1979), and *State v. Cutler*, 271 N.C. 379, 383, 156 S.E. 2d 679, 682 (1967), that the evidence "is sufficient to raise a strong suspicion of the

defendant's guilt but not sufficient to remove that issue from the realm of suspicion and conjecture."

The charge of armed robbery is dismissed and the judgment is

Reversed.

Judges ERWIN and WELLS concur.