STATE OF NORTH CAROLINA v. ADAM ANTHONY WRIGHT

No. 8421SC1158

(Filed 17 September 1985)

1. **Criminal Law § 60.5— breaking and entering and larceny—fingerprints—evidence sufficient**

Defendant's motion to dismiss charges of felonious breaking and entering and felonious larceny was properly denied where the State relied upon fingerprints found at the scene of the crime even though the occupants of the residence had lived there for only five months, the items on which defendant's prints were found were previously located in another residence, and there was no showing that defendant had never lawfully been in the previous residence. When fingerprints are found inside residential premises where a crime has

been recently committed and there is evidence of non-access to such premises by the accused at any time other than the time of the offense, the State has carried its burden to establish *prima facie* that the fingerprints could only have been impressed at the time of the offense.

**2. Criminal Law § 161.2— double jeopardy—no assignment of error—argument not considered**

> The issue of whether defendant's constitutional rights to be free from being twice put in jeopardy for the same offense were violated by his being convicted of both felonious breaking and entering and felonious larceny growing out of the same breaking and entering was not considered because it was not made the basis of an assignment of error. Rules of App. Procedure, Rule 10.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 16 August 1985 in FORSYTH County Superior Court. Heard in the Court of Appeals 22 August 1985.

Defendant was convicted of felonious breaking and entering and felonious larceny. At trial, the State's evidence tended to show the following circumstances and events. At about 4:00 p.m. on 14 March 1984, Shane McCain and his cousin James Lewis returned to their home at 3596 Shaw Road in Winston-Salem and discovered that the house had been broken into. They called police. James' mother, Lottie Lewis, arrived home about 5:15 p.m. and Patsy McCain, Shane's mother arrived about 5:30. The two women inspected the house, found evidence of a break-in and found various items of personal property missing, including jewelry. Officer Hutchens of the Winston-Salem Police Department inspected the house and determined that defendant's fingerprints appeared on two items he found in the house. None of the residents of the Shaw Road dwelling knew defendant, nor had they given him permission to enter the residence. Defendant lived approximately one-fourth to one-half mile from the Shaw Road residence. Upon arrest, defendant stated that he did not break in any house and was not on Shaw Road on 14 March 1984.

Defendant did not testify.

From judgment of imprisonment entered on the verdict, defendant has appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney Victor H. E. Morgan, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Geoffrey C. Mangum, for the defendant.*

State v. Wright

WELLS, Judge.

In his first argument, defendant contends that the trial court erred in denying his motion to dismiss for insufficiency of the evidence. We disagree and find no error.

[1] The central thrust of defendant's argument is that the identity of defendant as the perpetrator of the crimes committed at the Shaw Road residence was based "on inference stacked upon inference." Defendant correctly argues that where the State relies exclusively upon fingerprints found at the scene of the crime to establish identity of the perpetrator, there must be substantial evidence that the fingerprints could have been impressed only at the time the offense was committed. *See State v. Bass*, 303 N.C. 267, 278 S.E. 2d 209 (1981) and cases cited and discussed therein. What is substantial evidence is a question of law. *Bass, supra.*

In *State v. Jackson*, 284 N.C. 321, 200 S.E. 2d 626 (1973), our Supreme Court held that evidence that the occupant of the burglarized residence did not know defendant and had never seen him before, coupled with lack of evidence that defendant had ever been on the premises before, was substantial evidence that the accused's fingerprints found inside the residence could only have been impressed at the time of the offense.

In *State v. Foster*, 282 N.C. 189, 192 S.E. 2d 320 (1972), the Court held the following evidence to be sufficient: (1) defendant's fingerprints found in the burglarized premises; (2) the occupants did not know defendant and had never given him permission to enter their home; (3) defendant had never been in the burglarized home. A similar result was reached in *State v. Miller*, 289 N.C. 1, 220 S.E. 2d 572 (1975). *Compare State v. Scott*, 296 N.C. 519, 251 S.E. 2d 414 (1979), where the Court found fingerprint evidence to be insufficient because the evidence would permit an inference that defendant could have left his fingerprints at the scene on some other occasion than when the crime was committed.[1]

Defendant argues in this case, however, that evidence that the occupants of the Shaw Road residence had lived there for only five months, that items on which defendant's prints were found were previously located in another residence, and that

---

1. *Scott* contains a general review and comparison of fingerprint cases.

there was no showing that defendant had never lawfully been in the previous residence distinguishes this case so as to merit defendant's motion. We cannot agree. Our review of the cases persuades us that when fingerprints are found inside residential premises where a crime has been recently committed and there is evidence of non-access to such premises by the accused at any time other than the time of the offense, the State has carried its burden to establish *prima facie* that the fingerprints could only have been impressed at the time of the offense. This assignment is overruled.

[2]   Defendant has attempted to present the question of whether defendant's constitutional rights to be free from being twice put in jeopardy for the same offense were violated by his being convicted of both felonious breaking and entering and felonious larceny growing out of the same breaking and entering. This question was not made the basis of an assignment of error and we therefore decline to consider it. *See* Rule 10 of the Rules of Appellate Procedure.

No error.

Judges WHICHARD and PHILLIPS concur.

