STATE OF NORTH CAROLINA v. ROBERT CHARLES BARNETTE

No. 8927SC200

(Filed 7 November 1989)

1. **Burglary and Unlawful Breakings § 5.1 (NCI3d)— felonious breaking or entering of house—defendant's presence near scene —fingerprints on window frame—sufficiency of evidence**

     In a prosecution for felonious breaking or entering, evidence was sufficient to be submitted to the jury where it tended to show that defendant was observed on the victim's front porch just hours before the crime was discovered, and defendant's fingerprints were found on the frame of the victim's broken kitchen window.

     **Am Jur 2d, Burglary § 45.**

2. **Burglary and Unlawful Breakings § 4 (NCI3d)— felonious breaking or entering of house—victim's opinion as to who committed crime—evidence not prejudicial**

     In a prosecution for felonious breaking or entering there was no merit to defendant's contention that the trial court improperly permitted the victim of the break-in to give his

STATE v. BARNETTE

[96 N.C. App. 199 (1989)]

opinion as to who committed the crime, since the victim was asked to repeat only what he previously had told a police officer investigating the matter, and the victim had already testified that he saw defendant on his front porch and that was the basis for his belief that defendant committed the crime.

**Am Jur 2d, Burglary §§ 44, 50.**

Judge BECTON dissenting.

APPEAL by defendant from *Owens, Judge.* Judgment entered 27 October 1988 in Superior Court, GASTON County. Heard in the Court of Appeals 20 September 1989.

Defendant was charged in a proper bill of indictment with felonious breaking or entering in violation of G.S. 14-54(a). Evidence presented at trial tends to show the following: On 25 May 1988 at approximately 4:30 p.m., Mr. Benjamin Nichols left his house at 722 South Weldon Street in Gastonia, North Carolina. As he was leaving, Nichols saw defendant standing on his (Nichols') front porch. Nichols refused a request by defendant to stop and talk and did not let defendant into the house. When Nichols left, there was no one else at home. Upon returning, he discovered that his kitchen window had been smashed with a brick and that a television converter box was missing from the house. A subsequent police investigation revealed defendant's fingerprints on the frame of the broken kitchen window.

A jury found defendant guilty of felonious breaking or entering. From a judgment imposing a prison sentence of eight years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Elaine A. Dawkins, for the State.*

*Assistant Public Defender Joseph F. Lyles for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant assigns as error the trial court's denial of his motion to dismiss at the close of all evidence. He contends the evidence of defendant's guilt offered by the State was insufficient for submission to the jury. We disagree.

STATE v. BARNETTE

[96 N.C. App. 199 (1989)]

A motion of nonsuit in a criminal case requires the trial judge to consider all evidence "in the light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom." *State v. Bass*, 303 N.C. 267, 270, 278 S.E.2d 209, 212 (1981). Where the State relies on fingerprint evidence at the scene of the crime, a motion for nonsuit must be denied if there is "substantial evidence of circumstances from which the jury can find that the fingerprints could have been impressed only at the time the crime was committed." *Id.* at 272, 278 S.E.2d at 212. What constitutes "substantial" evidence is a question of law for the trial court. *State v. Miller*, 289 N.C. 1, 220 S.E.2d 572 (1975).

In an earlier breaking and entering case, the Supreme Court held the presence of the defendant's fingerprints at the crime scene, when coupled with testimony by the owner/attendant of the premises that she had never seen defendant before the date of the crime, was sufficient to send the issue of the defendant's guilt to the jury. *State v. Tew*, 234 N.C. 612, 68 S.E.2d 291 (1951). In the present case, defendant's fingerprints were found on the frame of the window broken by the alleged perpetrator. Furthermore, he was spotted at the crime scene shortly before the break-in occurred. Upon examination of the record on appeal and in light of the facts and result reached in *Tew*, we conclude the denial of defendant's motion to dismiss was proper. The testimony placing defendant at the crime scene shortly before the break-in was evidence of defendant's opportunity to commit the offense in question. As such, it was "substantial" enough to warrant submitting the issue of defendant's guilt to the jury.

In support of his claim that circumstantial evidence of guilt was not "substantial" in this case, defendant cites *State v. Bass*, *supra*. In *Bass*, the defendant was convicted of burglary and larceny when his fingerprints were found on a screen outside the victimized house, and the prosecuting witness testified she could not identify him and did not know him. The Supreme Court, however, overturned the conviction holding the evidence presented did not reasonably eliminate the possibility that the fingerprints had been impressed at some other time. To support its holding, the Court relied on the defendant's admission that he broke into the house on a prior occasion, and his story was corroborated by police testimony confirming a break-in three to four weeks earlier. Moreover, the Supreme Court pointed out that the State pro-

duced no additional evidence to connect the defendant with the offense in question.

The present case is clearly distinguishable from *Bass*. Not only did the State produce additional evidence connecting defendant with the crime (his presence at the scene just hours before the incident), but also defendant failed to present any alternative explanation, like that offered in *Bass*, for the presence of defendant's fingerprints on the kitchen window frame. While defendant did indicate he had been to the house on prior occasions, he failed to provide any convincing reason why his fingerprints were found on the frame of the kitchen window. These critical factual differences make it clear that the holding in *Bass* is not controlling.

Defendant also contends the trial court erred by denying his request to instruct the jury on the lesser included offense of misdemeanor breaking or entering. Instruction on a lesser included offense is proper only where there is evidence that would permit a jury rationally to find a defendant guilty of the lesser offense and acquit him of the greater offense. *State v. Strickland*, 307 N.C. 274, 298 S.E.2d 645 (1983). The possibility that a jury might partially accept or reject the State's evidence against a defendant is not sufficient to require instruction on the lesser included offense. *State v. Hicks*, 241 N.C. 156, 84 S.E.2d 545 (1954).

[2] Finally, defendant claims the trial court improperly permitted Benjamin Nichols, the victim of the break-in, to give his opinion as to who committed the crime. This testimony, however, is not opinion testimony. Nichols was only asked to repeat what he previously told a police officer investigating the matter. Furthermore, assuming *arguendo* that this testimony was improperly admitted, defendant was not prejudiced thereby. Nichols testified he thought defendant committed the crime only because defendant had been at Nichols' house a few hours earlier. Moreover, the fact that Nichols saw defendant on his front porch was already in evidence when Nichols testified. Upon consideration of defendant's argument and evidence presented at trial, we find no unfair prejudice against defendant by admission of the testimony in question.

Defendant had a fair trial free from prejudicial error.

No error.

Judge ARNOLD concurs.

STATE v. BARNETTE

[96 N.C. App. 199 (1989)]

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that defendant's motion to dismiss should have been granted, I dissent. In my view, the majority passes over critical factual distinctions between this case and *State v. Tew*. In *Tew*, the prosecuting witness testified she had never seen the defendant on the premises prior to the day of the burglary, and no other evidence tended to show that defendant had been there before. 234 N.C. at 617-18, 68 S.E.2d at 295; *see also State v. Scott*, 296 N.C. 519, 525-26, 251 S.E.2d 414, 418 (1979). Here, as the majority notes, evidence suggests that defendant had been to the victimized house on earlier occasions. Even Mr. Nichols admitted that defendant had visited Mr. Nichols' brother at the house "not more than three times" and that defendant could have been at the sink where the window is located. This evidence is highly significant since the State's conviction rests largely on the basis of fingerprints found at the crime scene.

To survive a motion for nonsuit, the State must present "substantial evidence of circumstances from which the jury can find that the fingerprints *could only* have been impressed at the time the crime was committed. . . ." *State v. Miller*, 289 N.C. 1, 4, 220 S.E.2d 572, 574 (1975) (emphasis added). Disturbingly, the majority in this case concludes that the State presented such evidence by minimizing the importance of defendant's having been to the house previously and by imposing upon him, instead, the burden of furnishing a "convincing reason" to explain the presence of his fingerprints on the window. Defendant's failure to satisfy the majority on this point, coupled with his purposeful presence on the porch before the crime, is, to the majority, "substantial evidence" that the fingerprints could have been left at no time other than when the crime occurred. "The burden," however, "is not upon the defendant to explain the presence of his fingerprint but upon the State to prove his guilt." *Scott*, 296 N.C. at 526, 251 S.E.2d at 419. *Accord Bass*, 303 N.C. at 273, 278 S.E.2d at 213.

In light of the evidence that defendant had been to the house prior to the day of the crime, there is no necessary connection between his presence at the house on that day and the fact that his fingerprints were found on the window. Furthermore, I do not attach the same probative value to defendant's presence on

the porch as does the majority. Defendant was not a stranger to Mr. Nichols. Defendant told Mr. Nichols he wished to speak with him, and Mr. Nichols, who did not have time to converse, was content to leave his premises even though defendant was still standing on the porch.

In short, defendant's presence at the house on the date of the crime was of no concern to the owner, and it is just as reasonable to infer from the evidence that defendant touched the window at some time prior to the day of the burglary. I am not at all satisfied that the State presented "substantial evidence" tending to show when defendant impressed his fingerprints on the window, and accordingly, I dissent.