STATE OF NORTH CAROLINA
v.
RONALD GUY WHITESIDE.
No. COA07-892
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General William H. Borden, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.
HUNTER, Judge.
Defendant appeals from a judgment entered upon his conviction for the offense of robbery with a dangerous weapon. We find no error.
The State adduced evidence that on the night of 31 October 2006, Shannon Erby stopped to buy gas at a Texaco station located at the intersection of South Elm-Eugene and Lee Streets in Greensboro, North Carolina. After seeing that the station was closed, he got back into his silver Chevrolet Cavalier and began to exit the parking lot. Defendant approached Erby's car and asked him for a ride. Erby drove defendant two or three miles down South Elm-Eugene toward Interstate 40, at which point defendant asked to be dropped off at a gas station across from a Food Lion grocery store. Once Erby had pulled into the gas station, defendant drew "a small silver handgun" from his jacket, pointed it at Erby, and ordered him out of the car. When Erby reached toward the center console for his wallet, defendant told him to "leave the wallet." Erby exited the car and watched defendant drive onto South Elm-Eugene Street toward downtown Greensboro. Erby ran across the street to the Food Lion and asked a taxi driver to call the police. "A minute or two" later, Greensboro Police Officer John Ludeman arrived and asked Erby for the license tag number of his car. Erby told Officer Ludeman that the robber had threatened him with a small silver handgun.
At 6:21 p.m. on 1 November 2005, Officer Lonnie Wilson spotted a Silver Chevrolet Cavalier parked in the 1100 block of Vance Street. After confirming that the car's license tag matched the report of the stolen car, he saw defendant exit the car from the driver's seat and arrested him for possession of a stolen vehicle. Officer Wilson later found Erby's identification card and other cards bearing his name in the car's center console, but did not recover Erby's wallet or a gun.
Greensboro Police Officer Matthew Allred interviewed Erby at approximately 9:00 p.m. on 1 November 2007. Erby again stated that his assailant had taken his wallet and car by brandishing "a small silver handgun[,]" which Erby "described . . . as a revolver and advised that he observed the barrel of the gun." Following the interview, Erby selected defendant's photograph from a line-up as the man who had stolen his car and wallet on the previous night.
On appeal, defendant claims the trial court committed plain error by failing to instruct the jury on common law robbery as a lesser included offense of robbery with a dangerous weapon. See N.C.R. App. P. 10(c)(4). Defendant acknowledges that he did not request the instruction at trial, as required by N.C.R. App. P. 10(b)(2). However, he asserts that Erby's "confusion and lack of knowledge" about guns, as well as the fact that no gun was recovered by police, required an instruction on the lesser included offense.
A trial court must instruct the jury on any lesser included offense which is supported by the evidence. State v. Kyle, 333 N.C. 687, 703, 430 S.E.2d 412, 421 (1993) (quoting State v. Boykin, 310 N.C. 118, 121, 310 S.E.2d 315, 317 (1984)). However, such an instruction is warranted "only where there is evidence that would permit a jury rationally to find a defendant guilty of the lesser offense and acquit him of the greater offense." State v. Barnette, 96 N.C. App. 199, 202, 385 S.E.2d 163, 164 (1989).
Common law robbery is a lesser-included offense of robbery with a dangerous weapon. State v. Frazier, 150 N.C. App. 416, 419, 562 S.E.2d 910, 913 (2002). Both offenses involve the use or threatened use of force to take property from the person or presence of another. Id. Robbery with a dangerous weapon further requires that the taking be accomplished by "the use of a dangerous weapon[.]" State v. Bartley, 156 N.C. App. 490, 498, 577 S.E.2d 319, 324 (2003). A handgun is a dangerous weapon per se. State v. Reives, 29 N.C. App. 11, 12, 222 S.E.2d 727, 728, disc. review denied, 289 N.C. 728, 224 S.E.2d 675 (1976). Moreover, "[w]hen a robbery is committed with what appeared to the victim to be a firearm . . . and there is no evidence to the contrary, there is a mandatory presumption that the weapon was as it appeared to the victim to be." State v. Allen, 317 N.C. 119, 124, 343 S.E.2d 893, 897 (1986).
In order to show plain error, defendant "must convince this Court that there was error and that absent the error, the jury probably would have reached a different verdict." State v. Thomas, 350 N.C. 315, 348, 514 S.E.2d 486, 506, cert. denied, 528 U.S. 1006, 145 L. Ed. 2d 388 (1999). We find no error, and thus no plain error, by the trial court. Although Erby admitted to having "not a clue" about different types of handguns, he expressed "[n]o doubt in [his] mind" that defendant pointed "some type of gun" at him. His testimony was corroborated by his statements to Officers Ludeman and Allred. The record contains no evidence "tending to show affirmatively that the instrument used by the defendant was not a firearm or deadly weapon[.]" State v. Williams, 335 N.C. 518, 523, 438 S.E.2d 727, 729 (1994). Accordingly, absent substantial evidence to rebut the mandatory presumption that the item displayed by defendant was a handgun, the trial court properly instructed the jury only on the charged offense of robbery with a dangerous weapon. See State v. Spellman, 167 N.C. App. 374, 390, 605 S.E.2d 696, 706 (2004), disc. review denied, 359 N.C. 325, 611 S.E.2d 845 (2005). Neither Erby's unfamiliarity with guns nor the police's failure to recover a gun was sufficient to support a lesser included offense instruction. Id. at 391, 605 S.E.2d at 707.
No error.
Judges McCULLOUGH and STEELMAN concur.
Report per Rule 30(e).