DAVIS, Judge.
Brandon Dale Ogles ("Defendant") appeals from his convictions for felonious breaking or entering and attaining the status of a habitual felon. On appeal, he argues that the trial court (1) committed plain error by permitting an officer to testify regarding Defendant's "mug shots"; and (2) erred by failing to intervene ex mero motu during the prosecutor's closing arguments. After a thorough review of the record and applicable law, we conclude that Defendant received a fair trial free from prejudicial error.
Factual and Procedural Background
The State presented evidence at trial tending to establish the following facts: In the early morning hours of 13 April 2016, Russell Bailey arrived at his place of work, the Ilderton Dodge Chrysler Jeep dealership. He observed that the window of the back door had been broken and that a cinder block had been thrown inside of the building. Bailey also noticed yellow paint that was spilled inside of the building and that someone had damaged a vending machine near the employees' lounge. Bailey called Steve Ilderton-the owner of the dealership-and the High Point Police Department to report the break-in.
Officer D.G. Kirstine and Officer Laughlin of the High Point Police Department were on patrol when they received a call regarding a break-in at the dealership at 5:27 a.m. When the officers arrived at the dealership, they saw that the back door had been "smashed in." The officers also observed a trail of yellow shoeprints leading into the building.
Steve Ilderton arrived shortly thereafter. He provided the officers with a tape of the video surveillance of the dealership. After watching the surveillance video, Officer Kirstine determined that the break-in had occurred at approximately 12:30 a.m.
Nicole Meldrum, a crime scene technician with the High Point Police Department, arrived at the dealership shortly after 6:00 a.m. She found three fingerprints on the outside of the back door and one fingerprint on the inside of the door.
Officer Lance Moss, a detective with the Property Crimes Division of the High Point Police Department, was subsequently assigned to the case. Upon viewing the video surveillance provided by Ilderton, he determined that the suspect who had broken into the dealership was a slender, white man who had been wearing "a button-up, long-sleeve shirt with ... royal blue with white striping on it, horizontal and vertical," faded blue jeans, white tennis shoes, and a red hat. Officer Moss also ran a search of the fingerprints discovered at the crime scene and determined that one of these fingerprints matched a fingerprint of Defendant that the police department had on record.
Based on the fingerprint match, Officer Moss began looking through Defendant's prior mug shots contained in the department's records and Facebook pictures. Upon reviewing Defendant's Facebook profile, Officer Moss discovered a picture in which Defendant was wearing the same style and color of shirt that the suspect had been wearing during the Ilderton Dodge break-in as depicted on the surveillance camera.
Defendant was subsequently arrested and charged with felonious breaking or entering, misdemeanor breaking into a coin operated machine, and attaining the status of a habitual felon. A jury trial was held beginning on 23 August 2017 before the Honorable Lindsay R. Davis, Jr. in Guilford County Superior Court. The State presented testimony from Bailey, Ilderton, Officer Kirstine, Meldrum, Officer Moss, and Ben Goodson (a vending company employee). Defendant did not present any evidence at trial.
On 24 August 2017, the jury found Defendant guilty of felonious breaking or entering and not guilty of breaking into a coin operated machine. Defendant pled guilty to attaining the status of a habitual felon. The trial court consolidated the convictions and sentenced Defendant to a term of 84 to 113 months imprisonment. Defendant filed a timely notice of appeal.
Analysis
I. Appellate Jurisdiction
As an initial matter, we must determine whether we possess jurisdiction over this appeal. Defendant's notice of appeal did not explicitly state that he was appealing from the superior court's judgment to this Court as required by Rule 4(b) of the North Carolina Rules of Appellate Procedure. Out of an abundance of caution, Defendant has filed a petition for a writ of certiorari in the event we find his notice of appeal was insufficient to confer jurisdiction upon this Court.
Because this Court is the only court possessing jurisdiction to hear his appeal, it can be fairly inferred that Defendant intended to appeal to this Court. See State v. Sitosky , 238 N.C. App. 558, 560, 767 S.E.2d 623, 624-25 (2014) (holding that appellate jurisdiction existed over defendant's appeal despite her failure to designate in the notice of appeal the court to which appeal was being taken), disc. review denied , 368 N.C. 237, 768 S.E.2d 847 (2015). Moreover, the State has not suggested that it was misled due to this deficiency in Defendant's notice of appeal.
Thus, Defendant's failure to designate this Court in his notice of appeal does not warrant dismissal of this appeal. See State v. Ragland , 226 N.C. App. 547, 553, 739 S.E.2d 616, 620 (denying defendant's petition for certiorari where "defendant's failure to serve the notice of appeal and his mistake in failing to name this Court in his notice of appeal [did] not warrant dismissal"), disc. review denied , 367 N.C. 220, 747 S.E.2d 548 (2013). Accordingly, we deny Defendant's petition for writ of certiorari as moot and proceed to consider the merits of his appeal.
II. Admission of Testimony Regarding Defendant's Mug Shots
Defendant first argues that the trial court erred by allowing Officer Moss to testify that when he was trying to identify the suspect from the surveillance video, he used mug shots from Defendant's prior arrests. He argues that the officer's testimony improperly informed the jury that Defendant had been arrested on separate occasions prior to his arrest for the Ilderton Dodge break-in. See State v. Foster , 63 N.C. App. 531, 535, 306 S.E.2d 126, 128 (1983) ("When a defendant charged with a criminal offense does not take the stand as a witness and does not offer evidence of his good character, the State cannot offer evidence of his bad character, including his previous criminal record, nothing else appearing.").
Because Defendant failed to object to this portion of Officer Moss' testimony, our review of this issue is limited to plain error. See N.C. R. App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.").
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.
State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations, quotation marks, and brackets omitted).
Even assuming-without deciding-that Officer Moss' testimony was improper, Defendant cannot meet his burden of showing that any such error had a probable impact on the jury's verdict. A showing of sufficient prejudice to constitute plain error is a high burden for a defendant to satisfy. See State v. Duke , 360 N.C. 110, 138, 623 S.E.2d 11, 29 (2005) ("A reversal for plain error is only appropriate in the most exceptional cases.").
Here, the State presented ample evidence of Defendant's guilt: (1) a fingerprint discovered on the broken back door matched Defendant's fingerprint; (2) Bailey testified that the back door was not accessible to the public and was exclusively used by technicians, service advisors, and dealership staff; (3) Ilderton testified that the exterior doors of the dealership were routinely cleaned at least once a week; (4) Ilderton testified that Defendant was neither a customer nor an employee of the dealership; (5) the suspect who had broken into the building was a white male wearing a blue and white plaid shirt; and (6) Defendant is a white male whose Facebook picture depicted him in an identically styled blue and white plaid shirt. See State v. Miller , 289 N.C. 1, 4, 220 S.E.2d 572, 574 (1975) (holding that the discovery of defendant's fingerprint at the crime scene "logically tends to show that the accused was present and participated in the commission of the crime").
Moreover, while Officer Moss testified that he had used Defendant's prior mug shots in order to identify him, the jury was never actually shown Defendant's mug shots, thereby limiting any prejudicial impact. Thus, we are satisfied that even assuming arguendo this portion of Officer Moss' testimony was erroneously admitted, his testimony was not so prejudicial that it had a probable impact on the jury's guilty verdict. Accordingly, we overrule this assignment of error.
III. Closing Argument
Defendant next argues that the trial court erred by not intervening ex mero motu during the prosecutor's closing argument. We disagree.
"Where a defendant fails to object, an appellate court reviews the prosecutor's arguments to determine whether the argument was so grossly improper that the trial court committed reversible error in failing to intervene ex mero motu to correct the error." State v. Braxton , 352 N.C. 158, 200, 531 S.E.2d 428, 452-53 (2000) (citation and quotation marks omitted), cert. denied , 531 U.S. 1130, 148 L.Ed. 2d 797 (2001). "[O]nly an extreme impropriety on the part of the prosecutor will compel this Court to hold that the trial judge abused his discretion in not recognizing and correcting ex mero motu an argument that defense counsel apparently did not believe was prejudicial when originally spoken." Id. at 200, 531 S.E.2d at 453 (citation and quotation marks omitted).
Our courts have rarely held that a prosecutor's statement during closing arguments was so grossly improper that the trial court's failure to intervene ex mero motu constituted reversible error. See, e.g., State v. Brown , 327 N.C. 1, 20, 394 S.E.2d 434, 445 (1990) (finding no reversible error where trial court did not intervene after prosecutor's remarks suggested that defendant's "alibi witnesses had motives to lie to protect him"); State v. Sistler , 218 N.C. App. 60, 74, 720 S.E.2d 809, 819 (trial court did not reversibly err by failing to intervene when prosecutor encouraged jury to infer that robbery victim had revoked consent to enter home previously given to defendant in contravention of court's earlier ruling on that issue), disc. review denied , 365 N.C. 564, 724 S.E.2d 920 (2012).
Defendant challenges the following statement made by the prosecutor during closing arguments:
So, the best evidence is the fact his fingerprint, within a week from the time frame it had been cleaned, it's magically on that door. And there's been no-there's no other explanation for how that fingerprint got there . It's not a public entrance. It's in that fenced-in area. That's the best evidence of how that we know that that is Mr. Ogles' fingerprint.
(Emphasis added.)
Defendant contends that the prosecutor's statement implied to the jury that Defendant was guilty because he chose not to testify. "Where a prosecutor improperly comments on a defendant's constitutional right not to testify, a new trial is required unless the State can prove the error was harmless beyond a reasonable doubt." State v. Martinez , --- N.C. App. ----, ----, 795 S.E.2d 386, 391 (2016) (citation omitted).
However, contrary to Defendant's assertion, the prosecutor's statement did not state or necessarily imply that Defendant was guilty because of his decision not to testify. Rather, the statement merely acknowledged the lack of any evidence-from the State or the defense-explaining the presence of Defendant's fingerprint on the back door of a private staff entrance at the Ilderton Dodge dealership. Thus, we conclude that the prosecutor did not actually make an improper comment regarding Defendant's failure to testify. See State v. Anderson , 200 N.C. App. 216, 223, 684 S.E.2d 450, 456 (2009) ("[I]n its closing argument, the State may properly bring to the jury's attention the failure of a defendant to produce exculpatory evidence or to contradict evidence presented by the State." (citation and quotation marks omitted) ). Accordingly, this assignment of error is overruled.
Conclusion
For the reasons stated above, we conclude that Defendant received a fair trial free from prejudicial error.
NO PREJUDICIAL ERROR.
Report per Rule 30(e).
Judges ELMORE and DILLON concur.